**James W. DAVIS, a minor, by Sue G. Davis, his Guardian, and Sue G. Davis, in her own right, Plaintiff,**

**v.**

**Ralph W. SMITH, Administrator, C.T.A., of the Estate of George Maslin Davis, deceased, Defendant.**

**Civ. A. No. 1534.**

United States District Court,
D. Delaware.

July 26, 1954.

Harold Leshem, Wilmington, Del., and William M. Alper (Freedman, Landy & Lorry), Philadelphia, Pa., for plaintiffs.

William H. Bennethum (Morford, Bennethum & Marvel), Wilmington, Del., for defendant.

RODNEY, District Judge.

█ This is a motion to dismiss the complaint. The action grows out of an automobile accident which happened in the State of Pennsylvania. James W. Davis, the minor for whom the suit is brought, and Sue G. Davis, suing as Guardian of James W. Davis and in her own right, are all residents of the State of Virginia. The defendant, Ralph W. Smith, is the Administrator C. T. A. of the Estate of George Maslin Davis by appointment of the Register of Wills of Chester County, Pennsylvania. Ralph W. Smith, the administrator, personally lives and was served within the District of Delaware. In a case where the jurisdiction of a federal court depends upon diversity of citizenship, it is the individual citizenship of the personal representative, such as an administrator, that determines the question of jurisdiction.[1]

The action is based on negligence and is brought to recover for the injuries sustained by the minor plaintiff in an automobile accident. The automobile in which the minor plaintiff was riding was being operated by his father, George Maslin Davis, who was killed in the accident. At and prior to the accident the plaintiff, an unemancipated minor, and Sue G. Davis, the guardian who sues also in her own right and was the wife of George Maslin Davis, both lived together with George Maslin Davis as one family in one household.

The motion to dismiss presents two interesting questions:

1. Can an unemancipated minor living with his father as a member of a family sue the estate of the father for a tort growing out of the negligence of the father?

2. Can an administrator, appointed cum testamento annexo, by the proper authorities in Pennsylvania, be subjected to suit as such administrator in the District of Delaware?

█ An application of Conflict of Laws would compel the answer to the first question to be found in the law of Pennsylvania where the accident occurred. The answer to the second question is to be found in the law of Delaware by the express terms of Rule 17(b) of the Rules of Civil Procedure, 28 U.S.C.

Whether the law of Pennsylvania prohibits a minor from suing his parent for negligence of such parent,[2] or whether, if so, and the parent be dead, the incapacity is removed when the action is against an administrator of the negligent parent[3] it is unnecessary to explore. It is also unnecessary to determine the character and standing of the court which would be considered as determining the appropriate law of Pennsylvania.[4]

The determination of this first question is unnecessary for the second question denies the jurisdiction of the court to entertain the suit and this must be first considered, and in the view I have taken makes other considerations unnecessary.

The second problem, then, raises the question as to whether an administrator is liable to suit on a claim against the estate he represents when such suit is brought outside of the state of his appointment.

█ At common law, in the absence of statutory authority, an administrator could neither sue nor be sued in a jurisdiction other than that of his appointment. At this stage of consideration I

---

1. 54 Am.Jur., p. 726, and cases collected in annotation in 77 A.L.R. 911.

2. Briggs v. City of Philadelphia, 112 Pa. Super. 50, 170 A. 871; Minkin v. Minkin, 336 Pa. 49, 7 A.2d 461; Dunlevy v. Butler County Nat. Bank, 64 Pa.Dist. & Co. 535; Samborski v. Beck, 41 Pa. Dist. & Co. 387.

3. York Trust Co. v. Blum, 22 Pa.Dist. & Co. 313.

4. McLouth Steel Corporation v. Mesta Machine Co., 3 Cir., 214 F.2d 608; King v. Order of United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608.

shall pass the consideration of the right of the administrator to bring suit and confine myself to the liability of an administrator to be sued. The two matters involve different principles and this case primarily concerns the second.

There can be no doubt that the rule of the common law, viz., that an administrator under ordinary circumstances is not liable to suit on a claim against the estate he represents when such suit is brought outside the state of his appointment, has been continued and now represents the great weight of authority in the absence of statutory regulation.

The language of Restatement of the Law, "Conflict of Laws," § 512, is almost in the exact language as above given. So, too, is 3 Beale on Conflict of Laws, p. 1552, where the authorities are mainly collected, and Goodrich on Conflicts, p. 488. See also 11 R.C.L., p. 450, 34 C.J.S., Executors and Administrators, § 1013, page 1265, and annotation in 77 A.L.R. 251 and Knoop v. Anderson, D.C., 71 F. Supp. 832, 842.

Some of the few cases where the rule is different have here no application. So in Laughlin v. Solomon, 180 Pa. 177, 36 A. 704, the right of a Pennsylvania creditor to sue in Pennsylvania an administrator appointed in another state is sustained upon the ground that such holding enlarges the protection given by the sovereignty to its own citizens. Here the plaintiffs are not residents of Delaware but of Virginia. In Giampalo v. Taylor, 335 Pa. 121, 6 A.2d 499, it is recognized that the Rule in Pennsylvania is opposed to the great current of authority.

The plaintiffs contend that no decision in Delaware has determined that a foreign administrator cannot be sued in a jurisdiction other than that of his appointment. He contends that in Delaware, by statute, a foreign administrator may bring suit without taking out ancillary letters of administration. He seeks, by analogy, to show that as Delaware has given a foreign administrator the right to sue in Delaware, so the legislature of Delaware has indicated a broad policy, based on comity, whereby a foreign administrator may be subject to the same rights and liabilities as a domiciliary administrator.

That Delaware has an Act allowing a foreign administrator to sue in Delaware without ancillary administration is clear. It is now found in Title 12 Delaware Code, § 1561. It is an old statute existing in almost exactly the present form since 1852 and in some particulars traceable to 1721. It has been exhaustively construed and explained in several Delaware cases.[5]

It has been held that the purpose of the Delaware statute is to facilitate the administration of foreign estates.[6] If this be true, as it seems to be after giving due protection to a domestic creditor, there seems no analogy to the fact of subjecting a foreign administrator to suit. A suit against a foreign administrator would not only not facilitate the settlement of the foreign estate but would have exactly the opposite effect. Any judgment rendered in the suit could not be collected in the jurisdiction where the judgment was given and ordinarily would be unenforceable in the state where the administration had been granted. It would certainly not facilitate the orderly settlement of the estate.

The defendant cites Downing v. Howard, D.C., 68 F.Supp. 6, as an authority that in Delaware a foreign administrator is not liable to suit. The plaintiff terms the language of this case as "dicta" and contends it is not supported by the authority it cites. It is not necessary to resolve this question. If the holding of Downing v. Howard is authoritative it is an expression of the applicable Delaware law. If Downing v. Howard is not authoritative then concededly there is no other express Delaware authority on the question.

5. Deringer's Adm'r. v. Deringer's Adm'r., 5 Houst. 416, 10 Del. 416; Terry v. Stull, 19 Del.Ch. 412, 168 A. 251; Bowles v. R. G. Dun-Bradstreet Corp., 25 Del. Ch. 32, 12 A.2d 392.

6. Fessenden v. Radio Corporation of America, D.C., 10 F.Supp. 394.

In Venuto v. Robinson, 3 Cir., 118 F.2d 679, 682, it is said that in a diversity case where there is no direct local authority, "it seems to us proper to rely upon the Restatement of the Law as evidence of the law of the State."[7]

The Restatement of the Law of Conflict of Laws, § 512, says, "No action can be maintained against any administrator outside the State of his appointment upon a claim against the estate of the decedent."

This is precisely the present situation and the present suit cannot be maintained and the motion to dismiss must be granted.

An appropriate order may be submitted.

---

7. Delaware has cited and approved the Restatement of the Law, especially Conflict of Laws, many times, and has relied strongly upon it. A single example of many citations is Lams v. F. H. Smith Co., 6 W.W.Harr. 477, 36 Del. 477, 178 A. 651, 105 A.L.R. 646.