**WILCOX, Estate of, In re.**

Ohio Appeals, Fourth District, Vinton County.

No. 298.   Decided July 23, 1955.

Arthur M. Sebastian, Columbus, Henry S. Willard, Wellston, for appellant.

R. Brooke Alloway, Columbus, for appellee.

## OPINION

By McCURDY, PJ:

This appeal is predicated on eight assignments of error and directed to the judgment of the Probate Court of Vinton County, Ohio, in overruling the appellant's motion to dissolve the ancillary administration of the estate of Edwin C. Wilcox, a non-resident of Ohio. The principal questions presented are two in number and are properly set forth in the brief of the appellant.

1. Was the application for ancillary administration made by any interested person within the meaning of §10511-4 GC, now §2129.04 R. C.?

2. Is an automobile insurance policy properly within the meaning of §10511-4 GC (§2129.04 R. C.), providing for ancillary administration?

The undisputed facts in this case are that Edwin C. Wilcox was a non-resident of Ohio. He died a non-resident of Ohio, and his estate was administered in Denver, Colorado. Prior to the death of Edwin C. Wilcox he was in an automobile accident in Vinton County in which Charles Shelby, Laura E. Shelby and Zelma Tripp, all three domiciled in

Franklin County, Ohio, were involved. At the time of the collision of the automobile driven by Edwin C. Wilcox, deceased, and the automobile in which the Shelbys and Zelma Tripp were riding, Edwin C. Wilcox was insured against liability by the Government Employees Insurance Company of Washington, D. C. Claims were filed on behalf of the Shelbys and Miss Tripp with the administratrix of the estate of Edwin C. Wilcox, and were rejected for the reason as set forth in the appellee's brief, that the administration of the estate in Colorado had been closed as of February 13th, 1952. An attempt was made to re-open the estate for the purpose of filing these claims, which the Probate Court refused to do. It is asserted in the brief of the appellant that this administration in Colorado was commenced on February 6th, 1951, and that no attempt was made to file claims until February 15th, 1952, at which time the claims were barred against the estate under the provisions of Section 207 of the law of Colorado, which requires that the claims be filed within six months after the issuance of letters. In this ancillary administration in Vinton County, the only possible claim that can be made that the decedent died leaving any property in the State of Ohio, was that he had a right of action against the Government Employees Insurance Company of Washington, D. C. This claim was made by the applicant for ancillary administration who was appointed by the Probate Court as such administrator, and the statement in lieu of inventory sets forth this exact representation.

The record in this case shows that this applicant, a lawyer of Vinton County, Ohio, after being interviewed by the attorney for the Shelbys and Miss Tripp, but not employed by them as their counsel, or by their counsel to assist with their claims, was requested to seek ancillary administration of the estate of Edwin C. Wilcox, deceased, and to apply for appointment as ancillary administrator of the estate. This was done on April 19th, 1952, in an application which represented to the Probate Court that the Shelbys and Miss Tripp were interested in the estate as creditors; that the decedent died leaving property in the state of Ohio, consisting of personal property of the probable value of $75.00, and that the applicant is not indebted to the estate. Other than having explained to him the nature of the claims of the Shelbys and Miss Tripp, and that they would be filed with him as ancillary administrator, and that there was no property in the State of Ohio, and that at the time of the automobile collision in question the decedent was covered by the insurance policy heretofore mentioned, the applicant had no interest in the estate. These salient facts control the disposition of this case.

All of the assignments of error in this case relate to the jurisdiction of the Probate Court to grant ancillary administration under the provisions of §10511-4 GC (§2129.04 R. C.), which provides as follows:

"When a non-resident decedent leaves property in Ohio, ancillary administration proceedings may be had upon the application of any interested person in any county in Ohio in which is located property of the decedent, or in which a debtor of such decedent resides. Such applicant may or may not be a creditor of the estate. The ancillary administration first lawfully granted shall extend to all the estate of the

decedent within the state, and shall exclude the jurisdiction of any other Court."

The clear and unequivocal language of this section provides first that the ancillary administration proceedings may be had upon the application of any interested person. The ancillary administrator in this case testified properly that he was not interested in any manner. It is clear that he was not a creditor or even a representative of the claimants, so that we must conclude that the applicant for the ancillary administration was not an interested person as required by the law of Ohio.

The next requirement of this enactment by the Legislature is that the decedent's property be located not only in Ohio, but also in the county in Ohio where the ancillary administration proceedings are had, or in which a debtor of such decedent resides. The appellee maintains that the decedent being indemnified by the insurance policy included as an exhibit in this case, and having had a collision in Vinton County, Ohio, brought into existence under the terms of this insurance policy the right of the decedent to be defended by the insurance company, and indemnified by the insurance company in event of judgment against him, provided that under the law of the State of Ohio an action was instituted by the claimants in the county in which the accident is admitted to have occurred. The position of the appellee is predicated on the proposition of law set forth in the case of Robinson v. Dana's Estate, 87 N. H. 114; 174 Atl. 772; 94 A. L. R. 1437.

Much time was consumed in argument in this case, both oral and by brief, in relation to the theory developed from the Robinson case. In event such a theory should become the law of the State of Ohio, it would not be determinative of this case. The confused reasoning arises from the fact that no suit was instituted against the decedent in his lifetime in Vinton County, Ohio, growing out of an automobile collision while driving through Vinton County. With the death of Edwin C. Wilcox, the possibility of suit against him in Vinton County, Ohio, along with the possibility of his right to be defended, ceased to exist.

Sec. 6308 GC, now §4515.01 R. C., fixes a possible venue for actions against Mr. Wilcox, a non-resident of the State of Ohio, growing out of his automobile collision in Vinton County, to be in Vinton County, the county in which the collision occurred, and subsequent §§6308-1 and 6308-2 GC (§2703.20 R. C.) provide for substituted service upon a non-resident owner or operator of a motor vehicle. The right to fix the venue in Vinton County belonged to the claimants and did not belong to Wilcox. The claimants never exercised this right during the lifetime of Wilcox. After the death of Wilcox, the provisions for substituted service do not authorize such service upon the non-resident personal representative of a deceased non-resident owner or operator. **Harris v. Owens, Admr., 142 Oh St 379; 27 O. O. 290.**

The statutes of Ohio make no provisions for substituted service upon an executor or an administrator. The agency of the Secretary of State was terminated by the death of Edwin C. Wilcox in the instant case. The mere happening of the automobile collision in Vinton County, Ohio, was not, in and of itself, sufficient to bring into existence any propery right of Edwin C. Wilcox under any sound theory that can be adopted by

this Court where the choice of various places of venue is placed by law with the claimant. Until the claimant's right to fix the place of venue is actually exercised to be Vinton County, Ohio, no property right can be adjudged as existing there. It should be patent that the venue of these causes of action having not been fixed in Vinton County, Ohio, the insurance company had no obligation to Wilcox in Vinton County, Ohio, and the decedent cannot be said to have died leaving property in Vinton County, Ohio.

The provisions of §10511-4 GC (§2129.04 R. C.), afford the only authority for the Probate Court's action in decreeing ancillary administration and appointing an ancillary administrator in the estate of Edwin C. Wilcox, deceased. Edwin C. Wilcox did not die leaving property in the State of Ohio, and in Vinton County. The ancillary administrator, who was the applicant for the ancillary administration of the estate, was not an interested person. No ancillary administration of the Edwin C. Wilcox estate can be had in Ohio. The Probate Court erred in overruling the appellant's motion to dissolve the ancillary administration. The order and judgment of the Probate Court is reversed, and this cause is remanded to the Probate Court of Vinton County, Ohio.

Judgment reversed.

COLLIER and GILLEN, JJ, concur.