FRANK L. JACOBS, *ET AL.,* PLAINTIFFS-RESPONDENTS, v. GEORGE ROTHSTEIN, EXECUTOR, ETC., DEFEND-ANT-APPELLANT.

Argued March 11, 1957—Decided March 25, 1957.

*Mr. George Rothstein* argued the cause for the appellant, *pro se.*

*Mr. Milton Leibowitz* argued the cause for the respondents.

The opinion of the court was delivered by

JACOBS, J.    The defendant appealed to the Appellate Division from an order denying his motion to dismiss for lack of jurisdiction over him in his representative capacity. We certified the matter on our own motion.

The decedent Charles Leischner was a resident of New Jersey when he sold a house in West New York, New Jersey, to the plaintiffs who were also residents of New Jersey. All of the preliminary phases of the transaction took place in New Jersey and title was transferred in New Jersey on August 11, 1955.    Thereafter the decedent moved to New York and died there.    His last will and testament, which names New Jersey beneficiaries among others, was probated in New York; it named the defendant George Rothstein as

executor and he duly qualified as such in the Surrogate's Court of Suffolk County, New York. The defendant is an attorney who is a resident of New Jersey and maintains his law office at Union City, New Jersey. His work as executor (consisting in part of correspondence and telephone conferences) is being largely performed from his Union City office although his New York counsel is handling the legal aspects of the estate including preparation of the accounting. A Hudson County District Court action, by a tenant in the West New York property, for alleged rental overcharges by the decedent was settled by the defendant executor in New Jersey. A claim by the plaintiffs, based on alleged misstatements by the decedent in the sale of the West New York property, was presented on December 8, 1955 to the defendant executor at his Union City law office but was rejected shortly thereafter. On February 3, 1956 the defendant executor was served personally at his Union City law office with the plaintiffs' complaint which alleged that the decedent had breached his agreement and warranty and had made false and fraudulent misrepresentations in the sale of the West New York property and claimed damages from the defendant as executor of the decedent's estate. The complaint was stricken but, pursuant to leave, an amended complaint was filed. The defendant moved to dismiss the amended complaint on the ground that he was not subject to suit in New Jersey in his representative capacity. After taking testimony, Judge Proctor denied the motion under the broad principles set forth in our recent decision in *Farone v. Habel,* 22 *N. J.* 66 (1956).

In the *Farone* case the plaintiff brought an action in New Jersey against a foreign executrix who was served in New Jersey while she was engaged in supervising the operation of a diner for the benefit of herself and her husband's estate. We held that the action was constitutionally maintainable under *N. J. S.* 3*A*:12–7 which provides that a foreign executor or administrator may be made a party defendant in a New Jersey action upon the filing of an exemplified copy of his letters of administration. It is conceded that

a copy of the defendant's letters was filed in the instant matter and we are entirely satisfied that the *Farone* case is applicable and controlling. We need not here repeat what was set forth in the opinion in the *Farone* case and merely point to the following: (1) If we look to considerations of convenience and comity then it is clear that the controversy between the parties should be tried in New Jersey, for all of the parties and the witnesses are New Jersey residents and the transaction is governed wholly by New Jersey law. (2) If we look to minimum jurisdictional contacts for purposes of due process then it is equally clear that New Jersey is a proper forum, for the action arises out of a sale in New Jersey of New Jersey real property from a New Jersey resident to New Jersey residents and the defendant executor is a New Jersey resident who has been and is doing executor's work in his New Jersey law office and was there served personally with process. See *Farone v. Habel, supra,* 22 *N. J.,* at 73; *Note, "The Amenability to Suit of Foreign Executors and Administrators,"* 56 *Colum. L. Rev.* 915, 934–937 (1956).

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, BURLING, JACOBS and WEINTRAUB—5.

*For reversal*—None.