JOHN BECK, et al., Plaintiffs, v. LUND's FISHERIES, INC., a New Jersey corporation, etc., Defendant and Third Party Plaintiff, v. HELEN COLLINS, Third Party Defendant.

*(October* 14, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*William Prickett* (of Prickett and Prickett), attorney for James R. Drummond, Administrator d.b.n. of Welton Harmon.

*Aubrey B. Lank* and *Victor F. Battaglia* (of Logan, Marvel, Boggs and Theisen), attorneys for plaintiffs.

*Louis J. Finger* (of Richards, Layton and Finger), attorney for Lund's Fisheries, Inc.

Supreme Court of the State of Delaware, No. 5, 1960.

WOLCOTT, J.:

This is a certification from the Superior Court of New Castle County made prior to the entry of final judgment in the cause. The action is one for personal injuries and prop-

erty damage resulting from a multiple car collision on Delaware highways.

There were seven motor vehicles involved in the accident, some of which were owned and operated by non-resident motorists. Harmon, the driver of one of the out-of-state vehicles, died as a result of the accident and Hope was appointed administrator of his estate by the Court of Accomack County, Virginia, the place of his residence.

Substituted service under 10 *Del. C.* § 3112, was made on Hope as administrator. The requirements of § 3112 were complied with. Hope, administrator, appeared and attacked the validity of the service on him. The substituted service on him was upheld by the Superior Court.

Thereafter, Hope, administrator, died and Drummond (hereafter defendant), a party to this appeal, was appointed Virginia administrator d. b. n. Thereupon, the plaintiffs made substituted service on defendant in accordance with the provisions of 10 *Del. C.* § 3112. Defendant filed an answer attacking the validity of the substituted service on him.

In view of the serious question raised as to the propriety of service by substitution on non-resident personal representatives of deceased foreign motorists involved in accidents on Delaware highways, a question of first instance in this state, the Superior Court certified to us the following question of law:

"Can a non-resident personal representative of a non-resident owner, operator or driver of a motor vehicle, who had been involved in an accident or collision occurring within this State and in which such motor vehicle was involved while being operated or driven on a public street, road, turnpike or highway in Delaware, be effectively served with process under 10 *Del. C.* 3112, when the foreign personal representative had been appointed by a court outside the State of Delaware and when such personal representative had never appointed or

constituted the Secretary of the State of Delaware his agent for acceptance of legal process as to him, expressly or otherwise, except as the taking out of letters on the estate of the deceased may have had that effect?"

The pertinent part of 10 *Del. C.* § 3112, reads as follows:

"(a) Any non-resident owner, operator or driver of any motor vehicle, not registered under the laws of this State providing for the registration of motor vehicles, who accepts the privilege extended by law to non-residents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of the privilege be deemed thereby to have appointed and constituted the Secretary of State of this State, his agent for the acceptance of legal process in any civil action against such non-resident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle is involved. The acceptance shall be a signification of the agreement of such non-resident that any such process when so served shall be of the same legal force and validity as if served upon such non-resident personally within this State."

The immediately following sub-sections of § 3112 provide for service of legal process upon the Secretary of State of Delaware as the agent of the non-resident motorist and for the giving of notice by registered mail, return receipt requested, to the non-resident user of Delaware highways. The statute then requires the filing of the return receipt with the record in the cause, thus evidencing receipt of the notice.

The basic question for our decision is whether or not § 3112 authorizes substituted service upon a non-resident personal representative of a deceased foreign motorist.

Initially, we note an argument made by defendant to the effect that under general principles of the law of agency the death of a principal terminates the agency, and that, consequently, there was no agent of the non-resident in Delaware upon whom process could be served. To this contention plaintiffs answer that the agency created by the statute is one coupled with an interest and, thus, does not terminate with the death of the principal.

We decline to answer the question upon the basis of whether or not the death of the non-resident terminated the agency created by the statute. The reason is that the statutory agency is created solely as a formality—in reality a fiction—and is designed to adapt ancient procedural concepts to modern conditions. The fiction avoids the limitation of the common law that process of a sovereignty does not extend beyond its geographic boundaries. Yet, in Delaware at least, the only method of conferring jurisdiction upon a court is by the service of process. The fiction of the statute permits this to be done. We recognized this fact in *Castelline v. Goldfine Truck Rental Service*, 10 *Terry* 155, 112 *A.* 2d 840, when we held that it was immaterial whether service on the Secretary of State had been accomplished prior to giving notice to the non-resident of the pendency of the litigation. It would be amiss, we think, to answer the certified question by an excursion into the field of legal make-believe.

The important provisions of § 3112 are those requiring the giving of actual notice to the non-resident and affording him an opportunity to come in and defend the action. If the statute so provides, it satisfies the requirements of Federal due process. The Supreme Court of the United States has emphasized that notice to the non-resident is the only feature of such statutes with which the concept of due process is concerned. *Wuchter v. Pizzutti*, 276 *U. S.* 13, 48 *S. Ct.* 259, 72 *L. Ed.* 446; *Olberding v. Illinois Central Ry. Co.*, 346 *U. S.* 338, 74 *S. Ct.* 83, 98 *L. Ed.* 39.

▉ We turn, therefore, to the substantive provisions of § 3112. The statute is, of course, designed to meet a modern condition brought about by the ease of motor vehicular transport between the states. Its basic purpose is to avoid the necessity of following a tort-feasor to his place of domicile in order to obtain redress for his tort. Such statutes also serve a further useful purpose, as the plaintiffs point out in this case, which is that one forum is created in which all parties to a multiple car accident may try out their defenses. We recognized this purpose in *Kohanovich v. Youree*, 1 *Storey* 440, 147 *A*. 2d 655, 657, 73 *A. L. R.* 2d 1347. In that case we stated:

"It is clear to us that the fundamental purpose behind the statute is to afford a means of civil redress to persons injured in Delaware as a result of motor vehicle accidents in which one of the vehicles involved is owned by a non-resident of the state. In view of this fundamental purpose, it seems reasonable that the statute be construed, unless the statutory provisions prohibit such a construction, so as to make the remedy available to all persons injured as the result of the negligent operation of a non-Delaware car, which has been driven into Delaware over Delaware highways, provided the accident was caused as a result of the use of Delaware highways, or is attributable to the use of such highways."

Based upon the *Kohanovich* case, the plaintiffs argue that the fundamental purpose of the statute requires us to construe the statute so as to permit the bringing in as defendants personal representatives appointed by our sister states. They argue that in the *Kohanovich* case we discarded the so-called rule of strict construction and extended the scope of § 3112 to include an accident occurring on a privately owned parking lot adjacent to a public highway, although in terms § 3112 is applicable only to accidents occurring on a public highway.

The case now before us, however, we think, differs from the *Kohanovich* case. In that case the statutory language, "while being operated or driven on a public street, road, turnpike or highway in Delaware", in view of the underlying purpose of the statute was not so precise as to preclude judicial construction to determine its meaning.

In the present case we must determine the persons subjected to the scope of § 3112. The applicable language limits the statute to "any non-resident owner, operator or driver of any motor vehicle," involved in an accident in Delaware. This language is clear on its face. By omission, foreign personal representatives are excluded from the scope of the statute. To hold otherwise under the guise of statutory construction would be judicial legislation. Absent an ambiguity in language, there is no room for construction, and an ambiguity may not be created in language otherwise clear by an underlying general statutory purpose.

Furthermore, we point out that the important part of § 3112 is the provision for the giving of notice of the pendency of an action to the non-resident. The sub-sections (b) and (c) spell out in detail the manner in which this notice shall be given. It is obvious that the statutory scheme contemplates that the non-resident will be alive to receive the notice. There is no means provided for the proof of the appointment of the foreign personal representative and for insuring the receipt of notice by him, and for subsequent proof of its receipt.

There is a complete void in the statute of any scheme to prove the appointment of a foreign personal representative, and for insuring the receipt by him of notice of the pendency of the action. This void must necessarily mean that the statute when first enacted did not intend to provide for substituted service on a personal representative appointed by the foreign state. The reason for the void may have been lack of foresight on the part of the drafters of the statute, but, on

the other hand, it may have been deliberate. Whatever the reason, the void exists.

Furthermore, if, under the guise of construction, we were to fill the void, a question might well arise as to whether the statute as reconstructed would satisfy the requirements of Federal due process for the reason that due process requires, not the giving of gratuitous notice, but the giving of notice in a manner prescribed by the terms of the statute, itself. *Hess v. Pawloski*, 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091, and *Wuchter v. Pizzutti, supra.*

Our conclusion, therefore, is that 10 *Del. C.* § 3112, alone, does not authorize substituted service upon the personal representative of a non-resident motorist of this state. We will notice later an additional argument of the plaintiffs to the effect that another statute of this state read in connection with § 3112 does authorize such service.

Our construction of § 3112 is in accord with at least the great weight of reported decisions in other states considering similar statutes—that is, statutes which do not contain within themselves specific authorization for the making of substituted service upon personal representatives. *Cf. Young v. Potter Title & Trust Co.*, 114 *N. J. L.* 561, 178 *A.* 177; *In re Roche's Estate*, 16 *N. J.* 579, 109 *A.* 2d 655; *Hunt v. Tague*, 205 *Md.* 369, 109 *A.* 2d 80; *Warner v. Maddox, D. C. Va.*, 68 *F. Supp.* 27; *Fazio v. American Auto. Ins. Co., D. C. La.*, 136 *F. Supp.* 184; *In re Wilcox' Estate, Ohio App.*, 137 *N. E.* 2d 301.

The above cited cases and our interpretation of 10 *Del. C.* § 3112, are to be distinguished from a line of authorities cited by the plaintiffs which consider Non-Resident Motor Vehicle Operator Statutes containing within themselves provisions for the obtaining of service upon foreign personal representatives. We think that these cases have no bearing upon the problem before us. *Cf. Plopa v. Du Pre*, 327 *Mich.* 660, 42

*N. W.* 2d 777; *Tarczynski v. Chicago, etc., R. R.,* 261 *Wis.* 149, 52 *N. W.* 2d 396; *Brooks v. National Bank of Topeka,* 8 *Cir.,* 251 *F.* 2d 37; *Feinsinger v. Bard,* 7 *Cir.,* 195 *F.* 2d 45; *State ex rel. Sullivan v. Cross, Mo.,* 314 *S. W.* 2d 889. But see, also, *Knoop v. Anderson, D. C. Iowa,* 71 *F. Supp.* 832, which invalidated such a provision.

The plaintiffs, however, argue that the absence of any specific language in § 3112 authorizing substituted service upon a foreign personal representative is cured by 10 *Del.* C. § 3707, which reads as follows:

"A statutory right of action or remedy against any officer or person, in favor of any person, shall survive to, or against the executor or administrator of such officer or person, unless it be specially restricted in the statute."

It is argued that by § 3112 a statutory remedy against a non-resident motor vehicle operator has been created. In support of the argument is cited *Monacelli v. Grimes,* 9 *Terry* 122, 99 *A.* 2d 255. This case is cited for the purpose of arguing that § 3112 created a statutory remedy thus purportedly bringing the right to substituted service upon a non-resident under the provisions of § 3707, which provides that a statutory remedy shall survive against a personal representative.

We think the plaintiffs have misconceived the holding of the *Monacelli* case. The question involved in that case was whether or not the recodification of 1953 had changed the provisions of the predecessor statute of § 3112. It was held that such a change had taken place. The plaintiffs rely upon certain language in the opinion to the effect that § 3112 had created a substantial legal right, *viz.,* the ability to subject a non-resident to an *in personam* judgment when no personal service had taken place. It is apparent, however, that the referred to language did not intend to designate such a right as a "statutory right of action or remedy." This appears, we think, from the following explanation of the court's holding:

"Such a statute involves a fundamental notion of due process of law and hence deals with substantive rights. The essence of the procedure is inseparable from the substance of the right."

This, we think, is a far cry from holding that § 3112 created a statutory right of action or remedy which, we conceive, in the context of § 3707 to be almost synonymous terms, the equivalent of cause of action.

The defendant arguing against the contention that § 3707 supplies the deficiency of § 3112, points out that the predecessor of § 3707 was first enacted as a part of the *Code of* 1852 and, as such, was a section of a general statute dealing with executors and administrators appointed by Delaware courts. It is, accordingly, argued that the statute must be construed in the light of the condition of the law in 1852, and that at that time, no suit could be brought against a foreign personal representative in Delaware courts.

In any event, we are not required to deal with the argument because we think it plain from the face of § 3707, itself, that the statute applies solely to the survivancy of causes of action and does not relate at all to the use of substituted service of process upon a non-resident, a concept which certainly in 1852 was then not thought of.

As a general proposition, this conclusion is strengthened by the fact that foreign personal representatives not personally served in Delaware are not subject to suit in Delaware courts. *Bowles v. R. G. Dun-Bradstreet Corp.,* 25 *Del. Ch.* 32, 12 *A.* 2d 392; *Davis v. Smith, D. C.,* 125 *F. Supp.* 134.

The plaintiffs cite to us *Farone v. Habel,* 22 *N. J.* 66, 123 *A.* 2d 506; *Jacobs v. Rothstein,* 23 *N. J.* 641, 130 *A.* 2d 384, and *Laughlin v. Solomon,* 180 *Pa.* 177, 36 *A.* 704. In all of these cases, however, there was either property or assets, or some other incident to satisfy the minimal requirements

of jurisdictional presence to support the suit. In addition, in both Pennsylvania and New Jersey there were specific statutes authorizing suits against foreign personal representatives who were subject to personal service in those states.

We think these cases are not apposite to the problem before us, first, because Delaware has no comparable statute authorizing suit against foreign representatives and, second, because there are no circumstances satisfying the requirements of jurisdictional presence of these foreign representatives in the State of Delaware.

We conclude, therefore, that the omission from § 3112 of a means of serving by substituted service a foreign personal representative is not cured by § 3707 which relates not to service of process but to the survivancy of causes of action. It follows, therefore, that the answer to the question certified to us must be in the negative.

We have not considered a further argument made by the defendant to the effect that *Article IV, § 23 of the Constitution of* 1897, *Del. C. Ann.*, permits the bringing in of a personal representative as a defendant in a pending action solely by the writ of *scire facias.*

We have not found it necessary to pass upon this argument for the reason that we consider § 3112 does not permit substituted service on personal representatives in any event, and for the further reason that the certified question as framed does not raise this point.

While we have held that § 3112 does not authorize substituted service upon a foreign personal representative, we have no hesitancy in stating that, in our opinion, the failure to so provide in the statute, itself, is an unfortunate omission since in at least one class of personal injury actions, and, indeed, perhaps the most severe type of injury, *viz.*, death—the fundamental purpose of the statute has not been completely carried out.

56

We suggest that the General Assembly might well consider filling the void we regretfully find in § 3112.