DONALD H. BRYERTON and ETHEL B. BRYERTON, Plaintiffs, v. WILLIAM G. MATTHEWS and DAVID C. HARRISON POST

No. 14 AMERICAN LEGION, INC., a corporation of the State of Delaware, Defendants.

(*February* 6, 1963.)

LYNCH, J., sitting.

*H. Alfred Tarrant, Jr.* (of Cooch and Taylor) and Joseph *H. Geoghegan* (of Berl, Potter and Anderson) for Plaintiffs.

*F. Alton Tybout* (of Prickett, Prickett and Tybout) for Defendants.

Superior Court for New Castle County, No. 14, Civil Action, 1961.

LYNCH, J.:

This case involves a collision between a motor vehicle operated by Donald H. Bryerton, in which his wife Ethel B. Bryerton was riding as a passenger, and an ambulance owned by David C. Harrison Post No. 14, American Legion, Inc., a Delaware Corporation, and operated by a William G. Matthews. The collision occurred on April 17, 1960 at about 2:15 P.M., at the intersection of State Route #896 and County Route #25. The Bryerton car was traveling east on County Route #25. They collided in the intersection.

The complaint charged the following acts of negligence on the part of the driver of the ambulance,—he

(1) Drove the ambulance at excessive speed.

(2) Drove through and disregarded a stop sign.

(3) Drove through and disregarded a blinking red light.

(4) Failed to maintain a proper lookout.

(5) Failed to maintain control.

(6) Failed to give warning.

(7) Failed to yield the right of way.

Defendants' answer (1) denied all negligence on the part of the ambulance driver; it further asserted (2) by way of affirmative defense, the contributory negligence of Ethel B. Bryerton, passenger-plaintiff, in failing to maintain proper lookout and failing to warn her driver, (3) by way of affir-

mative defense the contributory negligence of plaintiff-driver, and finally (4) asserted by a counterclaim a claim for personal injuries and property damage against plaintiff-driver, Donald H. Bryerton.

The counterclaim asserted that plaintiff Donald H. Bryerton was negligent in that:

(a) he failed to keep a proper lookout

(b) he failed to maintain control

(c) he failed to yield the right of way to an ambulance in violation of 21 *Del. C.* § 4139(b)

(d) he failed to stop upon the approach of an ambulance in violation of 21 *Del. C.* § 4141

(e) he failed to proceed with caution through a blinking yellow traffic light.

Plaintiffs' reply to the counterclaim denied all negligence on the part of plaintiff-driver, Donald H. Bryerton, and asserted by affirmative defense the contributory negligence of defendant William G. Matthews and that said defendant Matthews had the "last clear chance".

After discovery by way of interrogatories and the taking of the depositions of defendant Matthews and witnesses Foxwell, George and Schwatka, on February 22, 1962, and the deposition of the investigating Delaware State Police Officer Haman on March 22, 1962, plaintiffs moved for summary judgment dismissing defendants' counterclaim. Thereupon, defendants filed a cross motion for summary judgment on the claims of plaintiff-driver, Donald H. Bryerton.

The discovery shows that the windows on plaintiffs' car were open. Mr. Bryerton stated on deposition (p. 36)) that the windows both on his side and his wife's side were wound down. Mrs. Bryerton (p. 7) said the same thing. The Police Officer did not recall whether the window vents were open (Haman 40-1). Plaintiffs were operating a new car (*Id.*).

Mrs. Bryerton said (p. 8) she and her husband were "almost to the middle of the intersection when" their car was struck. She saw the ambulance as they started into the intersection (pp. 9-10). She was aware of the flashing yellow light in the intersection as they entered the intersection( p. 11).

The ambulance siren was being sounded as it approached the intersection; this appears from the deposition of one John V. George. His testimony was that he heard the siren before he saw the ambulance; he also testified that the ambulance lights were on. Another witness—one Beulah Schwatka—testified she heard the siren sounding and the lights flashing as the ambulance approached the intersection.

Mr. George testified the Bryerton car was about 75/125 feet from the intersection and appeared to be going about 35 miles per hour and that it did not decrease its speed.

On February 1, 1963, having previously studied the briefs and discovery, particularly the depositions,—and after hearing oral argument—I granted defendents' motion for summary judgment as against plaintiff Donald H. Bryerton, since the depositions reflected facts tending to show contributory negligence on the part of Mr. Bryerton. The views here expressed are in affirmation of the ruling I made on February 1, 1963.

Specifically, I found from the depositions that the ambulance was sounding a siren; that it had the blinking warning lights in operation; that Mr. Bryerton was approaching an intersection with blinking yellow lights in operation, and I concluded he had to look "effectively" and hear "effectively" what was there before him to see and to hear within the meaning and implication of *Stenta v. Leblang*, Del., 185 A. 2d 759. Having failed to look and see "effectively" what was there before him to see and hear, I was forced to the conclusion that Mr. Bryerton was guilty of contributory negligence barring his right of recovery.

It appeared, on the other hand, from the discovery engaged in by the parties, that the ambulance, in approaching this same intersection, did not respond to the traffic control signals at the intersection.

County Route #25 was controlled at its intersection with State Route #896 by (1) a stop sign and (2) a red blinking light. Concededly the ambulance did not stop as the statute required.

Plaintiffs contend 21 *Del. C.* § 4143[1] required the ambulance to stop, and point to its provisions:

"(a) Whenever a stop sign, notifying drivers to come to a full stop, has been erected * * * *it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto.* (Emphasis supplied)

"(b) The operator of any vehicle who has come to a full stop as provided in subsection (a) of this section, *shall not enter into, upon or across, such highway or street until such movement can be made in safety.*" (Emphasis supplied)

Similarly, plaintiffs point to 21 *Del. C.* § 4142(c) (1), requiring vehicles to stop at a red flashing light; in part that subsection reads as follows:

"* * * (c) Whenever flashing red or yellow signals are used at the intersection of two highways, they shall require obedience by vehicular traffic as follows—

"(1) When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles approaching the flashing signal shall stop before entering the nearest crosswalk at an intersection or at a limit line when marked, and *the right to*

---

[1]Our Supreme Court, *DiSabatino v. Ellis,* 4 Storey 302, 184 A. 2d 469 (Sept. 12, 1962) reversed a prior ruling I had made, Del. Super., 178 A. 2d 471, holding the cited statute did not apply in the City of Wilmington. The Supreme Court 184 A. 2d at pp. 472 *et seq.,* held this statute has state wide application. It applies to *any* vehicle.

*proceed shall be subject to the rules applicable after making a stop at a stop sign* as contained in subsection (b) of section 4143 of this title." (Emphasis supplied)

Other provisions in the "Rules of the Road", Subchapter II of Chapter 41 of Title 21 *Del. C.*, are cited by the parties and required consideration with all other provisions in the same subchapter that bear any relation or resemblance to the problem here presented.

Thus, 21 *Del. C.* § 4129 provides that statutory speed limits do not apply to private ambulances "* * * when travelling in emergencies * * *." This speed limit exception for private ambulances "when travelling in emergencies", say the plaintiffs, does not carry over to provide an exception from the duty to stop at stop signs imposed by the stop sign and red flashing light statute, 21 *Del. C.* § 4143.

The provisions of 21 *Del. C.* § 4138 govern the "right of way" as between vehicles on highways; however, 21 *Del. C.* § 4139(b) states that—

"*The driver of a vehicle upon a highway shall yield the right of way to* police and fire department vehicles and public and *private ambulances, when they are operated upon official business and the drivers thereof sound audible signal by bell, siren or exhaust whistle.* * * *" (Emphasis supplied)

Strangely, no exception is provided in 21 *Del. C.* § 4143 for police and fire vehicles and for ambulances. Defendants, however, lay emphasis on 21 *Del. C.* § 4138 and, as is shown later, contend this section operated so as not to require ambulances to stop at the intersection.

Thus, it is clear from a complete reading of Subchapter II of Chapter 41 of Title 21 of our Code that the General Assembly was aware of some need to provide that police and fire department vehicles and public and private ambulances while operating on highways in response to "official business"

should not have to be operated as are other vehicles; yet the fact remains no exception was set forth in 21 *Del. C.* §§ 4142 and 4143.

Defendants argue that the provisions of 21 *Del. C.* § 4139(b) govern—even as to "stop signs" and "traffic control lights"; they would ignore the plain language of 21 *Del. C.* §§ 4142 and 4143(c) (1), which have no exceptions. This cannot be done.

Our Constitution vests the legislative function in the General Assembly, Article II, § 1, *Del. C. Ann.*, while at the same time the judicial power is vested in the Court of this State by Article IV.

It is significant to note that Article IV, §17 maintains power in the General Assembly to make certain jurisdictional changes in our Courts, yet there is nothing of like or parallel effect to be found in Article IV of the Constitution as far as our Courts are concerned and tending to indicate that our Courts have been given power to exercise any legislative function.

■ Courts are required to give effect to the law as expressed in the statute, *Mayor & Council of Wilmington v. Dukes*, 2 Storey 318, 326, 157 A. 2d 789 (1960). Our Supreme Court, *Kohanovich v. Youree*, 1 Storey 440, 444, 147 A. 2d 655, 73 A. L. R. 2d 1347 (1959), has said:

"* * * Once that intent [the legislative intent in enacting the original statute] is determined, it must be given effect even though a literal reading of the statutory language might seem to be inconsistent with the general intent. * * *"

■ When statutory language is clear—such as analysis and study of 21 *Del. C.* §§ 4142 and 4143(a) (b) tend to show—the statute must be held to mean what is plainly expressed, *Beck v. Lund's Fisheries, Inc.*, 3 Storey 45, 164 A. 2d 583, 586 (Sup. Ct. 1961).

Two other canons of construction are applicable here and strongly lend support to the interpretation the Court places on 21 *Del. C.* §§ 4142 and 4143.

*First*: Effect is to be given to every word, sentence, and clause of a statute, so that no part will become inoperative. *Metropolitan Life Ins. Co. v. Jacobs*, 1 Terry 54, 60, 1 A. 2d 603 (1938) and *Collision v. State ex rel. Green*, 9 W. W. Harr. 460, 473, 2 A. 2d 97, 119 A. L. R. 1422 (1938).

*Second*: Where a statute establishes general rules and provides for exceptions in certain portions, Courts will not curtail the general rules or add to the exceptions by implication; ordinarily an express exception excludes others. 82 *C. J. S.* Statutes § 382c and see 50 *Am. Jur.* §§ 433, 434. In the last cited section it is stated:

"\* \* \*. \* \* \*, *where express exceptions are made,* [in a general statute] *the legal presumption is that the legislature did not intend to save other cases from the operation of the statute. In such case, the inference is a strong one that no other exceptions were intended, and the rule generally applied is that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases* not excepted, and excludes all other exceptions or the enlargement of exceptions made. Under this principle, where a general rule has been established by a statute with exceptions, the courts will not curtail the former, nor add to the latter, by implication. In this respect, it has been declared that the courts will not enter the legislative field and add to exceptions prescribed by statute." (Emphasis supplied)

Compare *E. I. DuPont de Nemours & Co. v. Clark*, 32 Del. Ch. 527, 529, 88 A. 2d 436 (Sup. Ct. 1952) and see also Vol. 1 Sutherland, *Statutory Construction*, 3d Ed., § 4936.

It would also seem that the rule of construction adopted by the late Chancellor Wolcott in *Perry v. Missouri-*

*Kansas Pipe Line Co.*, 22 Del. Ch. 33, 40, 191 A. 823, 826 (1937), and followed by the present Chancellor in *Appon et al. v. Belle Isle Corp. et al.*, 29 Del. Ch. 122, 136, 46 A. 2d 749 (1946), aff'd 29 Del. Ch. 554, 49 A. 2d 1 (1946) would also sustain the views here expressed. There were no traffic control stop signs or light systems at common law; thus, when a statutory scheme was adopted it would be exclusive and as set forth in the statute. Since the statute, 21 *Del. C.* § 4142(c) (1) and 21 *Del. C.* § 4143(b), when read together require "the driver of *any* (emphasis supplied) vehicle * * * to stop" in obedience to the traffice control regulation scheme, it was incumbent on the operator of the ambulance to "stop before entering the * * * intersection"; his right to there-after "proceed" into the intersection was governed by 21 *Del.* C. § 4143(b). This he failed to do and so his contributory negligence is manifest.

It is suggested the General Assembly give prompt consideration to the problem herein involved and adopt legislation which will protect the operators of police and fire equipment and of all ambulances.

For the reasons herein expressed, the motion of plaintiffs for summary judgment on defendants' counterclaim is granted. An order to such effect may be submitted.