**STATE of Delaware, Plaintiff below-Appellant,**

**v.**

**Selma BARSHAY et al., Defendants below-Appellees.**

Superior Court of Delaware,
New Castle.

Submitted Feb. 20, 1976.

Decided Aug. 5, 1976.

Timothy M. Rafferty and Joseph F. Capodanno, Jr., Asst. City Sol., Wilmington, for plaintiff below-appellant.

Clifford B. Hearn, Jr. and Henry A. Heiman, Balick & Hearn, Wilmington, for defendants below-appellees.

LONGOBARDI, Judge.

This case comes to the Superior Court as an appeal by the State of Delaware pursuant to the provisions of 10 Del.C. 9902(a).

In a related case, Sonia Brown, a school teacher who participated in a strike, was prosecuted under 11 Del.C. 1211(2). After a trial, the charge was dismissed pursuant to an opinion by the lower Court that Sonia Brown, though she "may" have been an employee of the State of Delaware as of the date of the strike, was not within the purview of 11 Del.C. 1211(2). The apparent thrust of the opinion is that a "public servant" must be a "public officer" otherwise there can be no violation of 11 Del.C. 1211(2). Based on this decision, the Court dismissed before trial, one hundred six defendants similarly charged. This appeal followed.

Subpart B of 11 Del.C. Chapter 12 is captioned "Abuse of Office" and the heading or caption of the particular statute is "Official Misconduct . . . ." That statute makes it unlawful for a "public servant" who "intending to obtain a personal benefit or cause harm to another . . . knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office." 11 Del.C. 1211(2). The words "public servant" are defined in 11 Del.C. 1209(4) as ". . . any officer or employee of the State or any political subdivision thereof . . . ." Since Section 1209 is part of Subpart A, the Legislature made it perfectly clear the definition was applicable to Section 1211 which appears in Subpart B by enacting 11 Del.C. 1213 which makes those definitions applicable to 11 Del.C. 1211. There is, then, no patent ambiguity in the use of the words "public servant" and they mean what the definition

sections say they mean. To look for hidden meanings or to attempt to read into those words a meaning not expressed is contrary to the principles of construction mandated by 11 Del.C. 221 and the case law of this State. *Wise v. Delaware Steeplechase & Race Ass'n.*, Del.Super., 2 Terry 182, 18 A.2d 419 (1941); *Beck v. Lund's Fisheries, Inc.*, Del.Supr., 3 Storey 45, 164 A.2d 583 (1960).

One question to be resolved is whether public school teachers working for the Board of Education in Wilmington are employees of the "State of Delaware or any political subdivision thereof." Article X, Section 1 of the Constitution of the State of Delaware imposes on the General Assembly the obligation to provide and "maintain" a public school system. Article X, Section 2 requires the General Assembly to provide a minimum amount of money annually for the salaries of teachers in that school system and 14 Del.C. 101 vests the authority to establish, administer and supervise a free public school system in a State Board of Education. The framework to carry out that mandate is known as the "School District", administered by local schoolboards, 14 Del.C. Chapter 10, and the teachers are employed under a State school employee contract form approved by the State Board of Education. In addition, the teachers are paid from a State of Delaware account. Chapter 39 establishes a fund for retirement and disability pensions. School teachers are employees of the State of Delaware for the purposes of this statute.

The Defendants in these appeals argue that under prior law, the Defendants could not be successfully prosecuted for malfeasance, misfeasance or nonfeasance. Their argument is based on earlier opinions which decided that those crimes are applicable only to "public officials." *Raduszewski v. Superior Court*, Del.Supr., 232 A.2d 95 (1967). It follows, they say, that since 11 Del.C. 1211 is a mere codification of an old law, even though a teacher may

be a "public servant" as defined in Section 1209, the intent of the Legislature was to maintain the distinction and only intended to affect "public officials." To support such a conclusion, this Court would have to abandon the presumption that the Legislature enacted this statute with knowledge of the existence and effect of such prior law. *Southerland*, Statutory Construction (3rd Ed.), Section 4510; *State v. Botluck*, Del.Supr., 200 A.2d 424 (1964); *State v. Purcell*, Del.Super., 336 A.2d 223 (1975); *State v. Hollobaugh*, Del.Super., 297 A.2d 395 (1972). Being cognizant of those prior decisions, why did the Legislature broaden the definition of those who would come within the purview of 11 Del.C. 1211. It described them as "public servants" not "public officers" and described some public servants as mere state "employee(s)." In addition, 11 Del.C., Section 203 provides for the abandonment of strict construction and requires a construction according to the fair import of the terms used. The words of the Commentary under Section 203 are appropriate. It says:

"Abolition of the rule of strict construction is primarily intended to prevent hypertechnical construction of the provisions of this Criminal Code.

"The Commentary contained in this volume is intended to explain the provisions of the Criminal Code and to aid in interpreting them. It should be noted, however, that the language of the sections themselves was specifically enacted by the Legislature and is the authoritative statement of the criminal law."

That quotation indicates that this Court should not be governed in the interpretation of this Code in a regressive manner. The quotation recognizes the vitality and flexibility of the law to meet the challenge of change wrought by time and the imagination of those criminally inclined. This concept was approved in *Weems v. United States,* 217 U.S. 349, 373, 30 S.Ct. 544, 551, 54 L.Ed. 793 (1910) wherein the Court stated:

"A principle, to be vital, must be capable of wider application than the mischief which gave it birth."

■ In conclusion, the Court finds that school teachers are required by law not to strike while in the performance of their official duties and it is unlawful for them to engage in any tactic which circumvents any provision of their teaching contract. 14 Del.C. 4011. When a teacher strikes, he violates that statute and is amenable to prosecution under 11 Del.C. 1211(2).

IT IS SO ORDERED.