Willie C. GREEN and Virginia Green, Plaintiffs Below, Appellants, Cross Appellees,

v.

MILLSBORO FIRE CO., INC., and Willis A. Smith, Jr., jointly and severally, Defendants Below, Appellees, Cross Appellants.

Supreme Court of Delaware.

Submitted March 13, 1979.

Decided May 25, 1979.

Howard M. Handelman and Jeffrey M. Weiner of Bayard, Brill & Handelman, Wilmington, for plaintiffs-appellants.

F. Alton Tybout of Tybout & Redfearn, Wilmington, for defendants-appellees.

Before DUFFY, McNEILLY and QUILLEN, JJ.

QUILLEN, Justice:

This is a personal injury action that arose out of a collision between a fire truck owned by defendant Millsboro Fire Company and operated by defendant Willis A.

Smith, Jr. and a pickup truck operated by the plaintiff Willie C. Green.[1] The decision of the Court below granting some and denying other motions for summary judgment is reported. See *Green v. Millsboro Fire Co., Inc.*, Del.Super., 385 A.2d 1135 (1978). Plaintiffs have filed this appeal and defendants have filed a cross-appeal.

The accident in question occurred in the early morning on July 3, 1974 at the intersection of Delaware Route 24 and U.S. Route 113. The road conditions were excellent and it was a bright summer's day. Green was traveling in the right-hand southbound lane of Route 113, a dual highway, at a normal rate of speed. Well before reaching the intersection of Route 24, Green reduced his speed to 40 miles per hour in response to an advisory speed limit sign and the upcoming traffic light. Although plaintiff had the green light he slowed down to no more than 30 to 35 miles per hour at a point about 100 feet from the intersection. Green claims never to have heard or seen the oncoming fire truck before the collision, even though he glanced to his left before entering the intersection.

Smith, who was responding to a fire alarm, was operating the Millsboro fire truck in a generally westerly direction proceeding from a point east of Route 113. Route 24 intersects with Route 113 at an angle, so assuming Route 113 to be true north-south, the fire truck would be moving roughly southwesterly prior to the intersection. As noted above, Route 113 is a divided highway with two lanes for northbound and two lanes for southbound traffic. In order to traverse the intersection of Route 24 and Route 113 southbound, Smith had to first cross over the two northbound lanes of Route 113 and then pass through a paved median, 75 to 100 feet wide, which divided the north and southbound lanes of Route 113.

Well before entering the intersection of Route 24 and Route 113 northbound, which is controlled by a traffic light, Smith had activated the fire truck's warning lights and siren. Smith passed through the red light at the intersection and proceeded through the median area at a speed of 30 to 35 miles per hour. Route 24 is subject to a 25 mile per hour speed limit. Although Smith claims to have looked to his right, he did not see Green and he thus disregarded the yield sign at the end of the median. The two vehicles collided.

The Court below found both plaintiff and defendant, Smith, negligent as a matter of law and thus granted summary judgment accordingly, but denied summary judgment as to defendant's reckless or wanton conduct. We affirm in part and reverse in part.

■ Whether or not plaintiff driver saw, or should have seen, or heard, or should have heard, the fire engine in sufficient time to have avoided the collision is under all the circumstances here a jury issue. As the Court below recognized, on a motion for summary judgment, the Court will weigh the facts in a light favoring the non-moving party. *Schagrin v. Wilmington Medical Center, Inc.*, Del.Super., 304 A.2d 61 (1973); *Ebersole v. Lowengrub*, Del.Supr., 180 A.2d 467 (1962). Plaintiff's argument that, because of the angle at which the fire truck approached, it was difficult for him to hear the siren was said by the Court below to have "some significance." *Green v. Millsboro Fire Co., Inc., supra*, 385 A.2d at 1142. Plaintiff has also argued that it would be difficult to see the flashing lights on a bright day and that for part of the way his view was obstructed. In light of the fact that none of the other witnesses were approaching from the same direction as the plaintiff and in light of the fact that plaintiff was proceeding toward a green light on a dual highway, plaintiff has raised sufficient issues of fact on the present record that the question of his negligence should be decided by a jury rather than as a matter of law by a Superior Court Judge.

1. Although there are two plaintiffs, Green and his wife, Mrs. Green's claim is derivative, so the Court will refer only to Mr. Green.

Plaintiff did have a duty of keeping a proper lookout. However, this case differs from the uncontrolled intersection collision in *Wootten v. Kiger*, Del.Supr., 226 A.2d 238 (1967) in that plaintiff may have a reasonable explanation for his failure to see or hear the fire truck. The Court below also found that the ruling in *Bryerton v. Matthews*, Del.Super., 188 A.2d 228 (1963), aff'd, Del.Super., 193 A.2d 83 (1963) would support the conclusion that plaintiff here was negligent. *Bryerton* is distinguishable on two grounds. First, as with *Wootten*, there was no reasonable explanation as to why the plaintiff in *Bryerton* did not see or hear the ambulance, and, second, plaintiff there had a blinking yellow light and not a green light. A yellow blinking light or an uncontrolled intersection call for a greater degree of watchfulness than when there is a green light or an established favored direction. See *Carnes v. Winslow*, Del.Supr., 182 A.2d 19 (1962); compare *Storey v. Castner*, Del.Supr., 314 A.2d 187 (1973); *Williams v. Chittick*, Del.Supr., 139 A.2d 375 (1958).

The Court below also found that Green's failure to yield the right of way to the fire truck "making use of audible and visual signals" violated 21 *Del.C.* § 4134 and therefore constitutes negligence *per se*. See *Green v. Millsboro Fire Co., Inc., supra*, 385 A.2d at 1142.[2] The problem is that before a violation of 21 *Del.C.* § 4134 can be established it must be first established that plaintiff was aware or should have been aware of the emergency vehicle. The Court below found that plaintiff should have been aware of the fire truck and thus it followed that plaintiff violated 21 *Del.C.* § 4134. However, since we reverse that finding and remand for trial on the issue of whether plaintiff should have been aware of the fire truck, we accordingly reverse the finding of negligence *per se* under 21 *Del.C.* § 4134.

The plaintiff, as discussed at some length by the Court below, has also raised a number of issues regarding the classification of the fire truck as an emergency vehicle under 21 *Del.C.* § 4106(e) and the type of emergency signals used on the truck. The Court below found that the fire truck was an emergency vehicle under § 4106(e). We find the Court's conclusion was well reasoned and correct.

Since there were no statutory standards, there could be no determination whether the visual and audible signals on the fire truck met the requirements of Title 21 of the Delaware Code as required by 21 *Del.C.* § 4106(c). The Trial Court's determination that audible or visual signals meeting a reasonable standard would be required to trigger § 4134 and § 4106(b), the section exempting the driver of such a vehicle from having to obey certain rules of the road, would seem to be the interpretation most consistent with purposes of those sections.

The fact that former 21 Del.C. § 4307 provided that "[e]very . . . fire department . . . vehicle used for emergency calls shall be equipped with a bell, siren or exhaust whistle of a type approved by the Secretary [of Public Safety]" is no help to the plaintiff since it appears that the Department of Public Safety has never evaluated manufacturers' specifications, never issued any standards for the approval of such devices, and never approved or disapproved any *"type"* of warning equipment. As the Trial Court indicated, even if this old statute [36 *Del. Laws*, c. 10, § 124 (1929)] was intended to fix standards for "audible . . . signals" under the more recently enacted 21 *Del.C.* § 4106(c) [54 *Del.Laws*, c. 160, § 1 (1963)], the failure to have approved types of signals is the result of administrative omission not attributable to the defendants.

Thus, we agree with the "reasonable standard" adopted by the Trial Court. However, plaintiff, as well as defendant, can introduce evidence as to the audible and visual signals which is relevant to the question of whether plaintiff knew or should have known of the fire truck.

---

2. As the Trial Court noted, the section has been amended since the accident at issue here and now reads "audible or visual signals." 59 *Del. Laws* c. 351.

██ Defendants, for the purposes of this appeal, do not contest the finding that defendant Smith was negligent as a matter of law. They claim, however, that the Trial Court erred in failing to find that Smith's conduct as a matter of law was not wanton or reckless. We find that the Trial Court dealt correctly with this matter and the determination of whether defendant Smith's conduct was wanton or reckless is a question for the jury. On the present record a jury should not be foreclosed from finding that defendant Smith's conduct was wanton or reckless.

The holdings of the Trial Court that defendants' fire truck was an emergency vehicle and that a "reasonable standard" should be required for visual and audible signals are affirmed. The denial of summary judgment on the issue of defendant's wanton or reckless conduct is also affirmed. The granting of summary judgment on plaintiff's contributory negligence on grounds of either general negligence or negligence *per se* is reversed.