Donald HURLBURT, b.n.f. Raymond Hurlburt

v.

Gerald E. ENO, Administrator of the Estate of Edward E. Eno, Jr.
Civ. A. No. 1669.

United States District Court,
D. Vermont.

Feb. 16, 1955.

Black & Wilson, Burlington, Vt., Albert W. Coffrin and John B. Harrington, Burlington, Vt., of counsel, for plaintiff.

Lawrence & O'Brien, Rutland, Vt., Harold I. O'Brien, Rutland, Vt., of counsel, for defendant.

GIBSON, District Judge.

This case comes on for hearing on defendant's motion to dismiss on the grounds that this Court does not have jurisdiction over the subject matter of the suit. On October 17, 1953, the plaintiff was a passenger in a motor vehicle which came in collision with an automobile operated by Edward Eno, Jr., near Rutland, Vermont. Edward Eno, Jr., was instantly killed as a result of the collision. On October 24, 1953, Gerald E. Eno was duly appointed Administrator of his estate by the Probate Court for the District of Rutland in the State of Vermont. On July 22, 1954, the plaintiff, a citizen of New York, brought this civil action for negligence against Gerald E. Eno, the Administrator. Commission-ers to hear claims against the estate were not appointed until after this suit was commenced.

Jurisdiction is based on diversity of citizenship. The defendant does not deny diversity jurisdiction, but bases his motion to dismiss on the ground that the last sentence of Federal Rules Civ. Proc. Rule 17(b), 28 U.S.C.A., directs this Court to follow Vermont law in determining the rights of the parties to come into this Court.[1]

It is the defendant's contention that Federal jurisdiction depends on state law and that, therefore, his motion must be granted. Under Vermont law, an action may not be brought against an executor or administrator after commissioners are appointed to hear claims.[2] If a suit has already commenced, it shall be discontinued when the commissioners are appointed.[3]

However, Federal Rule 17(b) only provides that the general capacity to sue or be sued is determined by state law. Under Vermont law, an executor or administrator having been duly appointed by a Probate Court within the state has capacity to commence and defend suits.[4] Once it is determined that

1. Rule 17(b) *Capacity to Sue or Be Sued.* "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. *In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *.*" (Emphasis added.)

2. V.S. 1947, § 2917. "When commissioners are appointed, an action shall not be commenced or prosecuted against the executor or administrator, except actions of ejectment or other actions to recover seisin and possession of real estate, and actions of replevin; nor shall an attachment or execution issue against the estate of the deceased until the expiration of the time limited by the court for the payment of the debts."

3. V.S. 1947, § 2918. "Such actions, commenced against the deceased person or against the executor or administrator and pending at the time the commissioners are appointed, shall be discontinued, and the property attached thereon shall be discharged from the attachment. The claim embraced in such action may be presented to the commissioners, who shall allow the party prevailing the costs of such action to the time of its discontinuance."

4. V.S. 1947, § 2920. "An executor or administrator may commence, prosecute or defend, in the right of the deceased, actions in law or equity which survive to such executor or administrator and are necessary for the recovery and protection of the property or rights of the deceased and may prosecute or defend such actions commenced in the lifetime of the deceased."

232

the executor or administrator has capacity to sue or be sued, state law no longer applies and the Federal Court has jurisdiction if the prerequisites of diversity exist and the action does not interfere with the general probate of the estate. If Congress had intended to allow the states to limit the jurisdiction of the Federal Courts, it would have so stated in much more explicit terms.

In discussing Rule 17(b) as it applies to corporations, the following statement was made before the Judiciary Committee of the House of Representatives:

"The capacity to sue is one thing and how, when, and where to sue is another, and we must always bear in mind that we are dealing only with capacity, technical capacity. This rule simply means this, that if under the law of Delaware a corporation is organized and under the law of its domicile, Delaware, it has the capacity to sue or be sued, then it can be sued or sue anywhere and if it has not any capacity to sue or be sued under the law of its domicile, it cannot sue or be sued anywhere."[5]

Certainly Congress did not intend to place a different connotation to the words of Federal Rule 17(b) when applied to a corporation than when applied to an executor or administrator.

■ There are many cases which hold that the Federal District Courts have jurisdiction over claims against an estate where the necessary diversity requirements exist or another Federal statute gives jurisdiction. Thus in Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256, the United States Supreme Court stated:

"But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors * * *' and other claimants against a decedent's estate * * * so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction".

The Court went on to hold that a judgment which ordered all the assets of the estate to be turned over to the Alien Property Custodian after the payment of administrative expenses did not interfere with the probate proceedings. Thus, a suit in Federal Court to establish a claim against a decedent's estate is proper, and once the claim has been established it becomes a judgment which must be recognized in the administration of the estate.

In the case of Heath v. Jones, 5 Cir., 168 F.2d 460, 462, the Court made the following statement:

"Particular claims to or against the estate * * * may be decided in a federal court as controversies inter partes, the probate court being bound to recognize the judgment in its administration".[6]

A state legislature may not limit the jurisdiction of the Federal Courts by attempting to give certain state courts exclusive jurisdiction over the presentment of claims against an estate. The United States Supreme Court so held in Hess v. Reynolds, Adm., 113 U.S. 73, 5 S.Ct. 377, 28 L.Ed. 927. Reynolds, an administrator appointed in Michigan, moved to dismiss a claim brought by Hess in the Federal Court on the ground that Michigan law gave exclusive jurisdiction to the state courts. Under Michigan probate law, which is very similar to Vermont probate law, claims must be presented to commissioners. After the commissioners submit their final report to the Probate Court, any claimant has the right of appeal to the County Court where he may have a jury trial de novo.

5. Hearings before Committee on Judiciary, United States House of Rep., 75th Cong., 3rd Sess., Serial 17, 1938, P. 20.

6. The Court granted defendant's motion to dismiss on other grounds.

In holding that the Michigan legislature could not thus limit Federal jurisdiction where diversity existed, the Supreme Court made the following statement, which is particularly applicable to the case at bar.

"This jurisdiction of the courts of the United States, in controversies between citizens of different states, cannot be ousted or annulled by statutes of the states assuming to confer it exclusively on their own courts. * * * The controverted question of debt or no debt is one which, if the representative of the decedent is a citizen of a state different from that of the other party, the party properly situated has a right, given by the constitution of the United States, to have tried originally or by removal in a court of the United States, which cannot be defeated by state statutes enacted for the more convenient settlement of estates of decedents." 113 U.S. at page 77, 5 S.Ct. at page 378.

A Connecticut Federal District Court recently reaffirmed the principle which forbids the state to limit the jurisdiction of the Federal Courts. In a suit brought in a Connecticut Federal District Court by a Connecticut administrator to recover a pro-rata share of a Federal Estate Tax from a New Jersey citizen, the Court denied defendant's motion to dismiss. Judge Smith, in so holding, said:

"The substantive right to recover existing, its exercise may not be restricted by the legislature to particular state courts so as to deny, where diversity of citizenship exists, recourse to the Federal courts to enforce the right to recover."[7]

Other cases which state that the Federal Courts have jurisdiction to ascertain and declare an interest in a decedent's estate are Robinson v. Georgia Savings Bank & Trust Co., 5 Cir., 106 F.2d 944, 946, Byers v. McAuley, 149 U.S. 608, 620, 13 S.Ct. 906, 37 L.Ed. 867, McClendon v. Straub, 5 Cir., 193 F.2d 596, 598, Smith v. Jennings, 5 Cir., 238 F. 48, 53.

The defendant relies strongly on Buttson v. Arnold, D.C.E.D.Pa., 4 F.R.D. 492, to support his position. That case dealt with a foreign administrator who was being sued in Pennsylvania. The court held that as a foreign administrator did not have capacity to be sued under Pennsylvania law unless he was personally served or entered a voluntary appearance, neither of which took place, the suit must be dismissed. This case shows the correct meaning of capacity to sue or be sued as used in Federal Rule 17(b). The very purpose of the rule is to allow the law of the state where the Federal Court sits to determine whether the executor or administrator has technical capacity to sue or be sued at any time. In the case at bar, the administrator was appointed in Vermont and had specifically been granted technical capacity to sue or be sued by Vermont Statute.[8] Therefore, the Buttson case does not help the defendant. In fact, it tends to support the plaintiff's position.

Indeed, to hold as the defendant urges would be to fly in the face of common sense. Certainly an executor or administrator may bring diversity actions in Federal Courts. But the defendant wants us to hold that an executor or administrator may not similarly be sued in Federal Courts in diversity cases. Such a holding would not stand the test of reason.

There is no question but that had the decedent lived he would be subject to the jurisdiction of this court. The rights of our citizens to have the Federal Courts determine their controversies in diversity cases, given by the United States Constitution and the laws of the

7. Horwitt v. Horwitt, D.C.Conn., 90 F. Supp. 528, 531.

8. See Note 4, supra.

**234**

United States, should not depend on the fact that the defendant is alive at the time of trial.

For the foregoing reasons, the defendant's motion to dismiss is hereby denied.