NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
Plaintiff,

v.

Robert PETRO and William Petro, d/b/a
Petro's Garage, Betty Petro, John L.
Harbolt, Administrator of the Estate of
Edith Rogers, Deceased, and Francis H.
Rogers, Defendants.

No. IP 60-C-64.

United States District Court
S. D. Indiana,
Indianapolis Division.

Dec. 12, 1960.

Ross, McCord, Ice & Miller, Indianapolis, Ind., for plaintiff.

James D. Acher, Franklin, Ind., and Murray, Mannon, Fairchild & Stewart, Indianapolis, Ind., for defendants Petros.

Campbell & Stratford, Louisville, Ky., for defendants, Harbolt and Rogers.

STECKLER, Chief Judge.

This case is before the court upon motions to quash return of summons or to dismiss the action as to the defendant, John L. Harbolt, Administrator of the Estate of Edith Rogers, deceased, and the defendant, Francis H. Rogers. The action is for declaratory judgment with respect to the rights of the Petros and the plaintiff under an insurance contract. An issue of fact having been raised as to the domicile and citizenship of the defendant, Francis H. Rogers, under the motion to quash, the case was set for hearing with respect thereto and evidence was heard on August 22, 1960. Following the hearing and oral arguments of counsel, the hearing was continued with directions to counsel to take the deposition of Francis H. Rogers and to produce any other evidence concerning his domicile and citizenship at the time he was made a party to this action, and with further directions to counsel to submit proposed findings of fact and conclusions of law together with briefs covering both the motion to quash and the motion to dismiss. From the evidence heard in open court and from the deposition of the defendant, Francis H. Rogers, the court

makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Francis H. Rogers and his family resided and were domiciled in Indianapolis, Indiana, from October, 1958 until February 2, 1960, at which latter date his last residence in Indiana was located at 3407 South Harding Street [Rear], Indianapolis, Indiana. On February 2, 1960, while enroute to Louisville, Kentucky, Francis H. Rogers was involved in an automobile accident causing the death of his wife, Edith Rogers, and four children.

2. Francis H. Rogers was admitted to the Johnson County Memorial Hospital, Franklin, Indiana, on February 2, 1960, the date of the accident. Subsequently, on February 5, 1960, he was transferred and admitted to the St. Joseph's Infirmary, Louisville, Kentucky, and so remained until his discharge from said hospital on March 17, 1960 [authenticated by hospital records].

3. On the date of his deposition, August 26, 1960, Francis H. Rogers was employed as a carpenter in the City of Louisville and resided at 4226 Astor Drive, Jefferson County, Kentucky.

4. On the date of the accident, Francis H. Rogers was driving a panel truck with his wife and family, their destination being Louisville, Kentucky.

5. Francis H. Rogers had a job awaiting him in Louisville, Kentucky doing carpenter work with his brother, John D. Rogers.

6. At the time Francis H. Rogers departed from Indianapolis, Indiana, for Louisville, Kentucky, he intended to take his wife and children along with a part of their personal possessions to his mother's home at 2411 Cleveland, Louisville, Kentucky.

7. On February 2, 1960, Francis H. Rogers related to his sister that he was planning to move his remaining personal belongings to Louisville, Kentucky.

8. Other than the period from October, 1958 until February 2, 1960, Francis H. Rogers resided in Kentucky his entire life except for a period of service in the armed forces. He is a native Kentuckian.

9. It was the intention of Francis H. Rogers on February 2, 1960, to return permanently to his native state of Kentucky.

10. Francis H. Rogers did not return to the State of Indiana following the collision of February 2, 1960.

11. Prior to leaving Indianapolis, Francis H. Rogers was unable to obtain employment in and around Indianapolis, Indiana, from November, 1959 until January, 1960, during which time he had worked one or two days for Hall Construction Company. On the morning of the accident, Francis H. Rogers went to a building site where the Hall Construction Company was to perform construction work. There he was to do work on the construction project, but by reason of lack of materials he was unable to do such work. He did not advise his employer of his intentions not to return to the project. Nor did he tell Mr. Thomas Hall about his intentions to move to Kentucky.

12. Prior to February 2, 1960, Francis H. Rogers had considered returning to Louisville, Kentucky because of his inability to obtain steady employment in and about Indianapolis due to the nature of his craft and the seasonal curtailment of carpenter work during the colder winter months in Indianapolis.

13. During the time Francis H. Rogers resided in Indianapolis, Indiana, he registered to vote, obtained an Indiana automobile license plate, borrowed money from a finance company, and made four trips back to Louisville, Kentucky to visit relatives. He also sought welfare relief and misrepresented as to the length of his residence in the State of Indiana so as to qualify for such relief. In his application for welfare relief he reported he had resided in Indiana for three years. According to the evidence which the court has no reason to doubt, his family was without adequate food and fuel and generally were in such circumstances as to warrant welfare assistance.

14. During the time he resided in Indianapolis, Indiana, Francis H. Rogers had a small bank account and at the time of his trip to Kentucky, the balance therein was approximately $12. The account subsequently was closed out following his return to Louisville.

15. Francis H. Rogers received the plaintiff's original complaint for a declaratory judgment in this action some time subsequent to March 11, 1960, the date on which defendants John L. Harbolt, administrator of the estate of Edith Rogers, and Francis H. Rogers were added as additional parties defendant to this action.

16. On March 21, 1960, the United States Marshal for the Southern District of Indiana attempted service of process by tacking a copy of the summons and complaint on the front door of the residence at 3407 South Harding Street [Rear], Indianapolis, Indiana, and by leaving a copy thereof with Mrs. Craine, his sister, residing at 3407 South Harding Street, Indianapolis, Indiana.

17. On July 11, 1960, the United States Marshal for the Southern District of Indiana served Francis H. Rogers by leaving summons, in duplicate, and copy of the complaint for the said Francis H. Rogers with the Secretary of the State of Indiana, State House, Indianapolis, Indiana, under and pursuant to the Indiana Non-Resident Motorist's Statute. The defendant, John L. Harbolt, administrator of the estate of Edith Rogers, deceased, was also served with summons and a copy of the complaint through the Secretary of the State of Indiana, and according to the return receipt, the said John L. Harbolt, administrator of the estate of Edith Rogers, deceased, received the summons and complaint on March 26, 1960. Some time subsequent thereto, Francis H. Rogers received an amended complaint in this action, the same being delivered at his place of residence in Louisville, Kentucky, i. e., 4226 Astor Drive.

18. There is no evidence that John L. Harbolt was ever a resident of Indiana. He qualified as the administrator of the estate of Edith Rogers in the Jefferson County Court, Louisville, Kentucky.

19. The court will take judicial notice of the fact that Francis H. Rogers and John L. Harbolt, administrator, on March 1, 1960, filed suit in this court against the Petros and one Caylor, and that in the complaint, Francis H. Rogers alleged he was a citizen of the State of Kentucky.

## Conclusions of Law

Based upon the foregoing findings of fact, the court concludes the law to be as follows:

1. This being an action for declaratory judgment arising out of contract, the attempted service of process upon the defendant, Francis H. Rogers, at his last place of residence in the Southern District of Indiana was insufficient because at the time of said attempted service, said Francis H. Rogers was a resident and citizen of the State of Kentucky.

2. The attempted service of process through the office of the Secretary of State of the State of Indiana under the Indiana Non-Resident Motorist's Statute, Burns' Indiana Statutes, § 47–1043, was ineffective inasmuch as this is not an action "growing out of any accident or collision" within the meaning of the statute.

3. Defendants Francis H. Rogers and John L. Harbolt, administrator of the estate of Edith Rogers, deceased, have not waived their federal venue rights under Title 28 U.S.C. § 1391, and therefore the plaintiff insurance company's action as to said Francis H. Rogers and the action as to John L. Harbolt, administrator of the estate of Edith Rogers, deceased, should be dismissed for want of jurisdiction by lack of proper venue.

## Memorandum

This is an action for a declaratory judgment as to the rights of the defendants and the plaintiff under an automobile liability insurance policy. John L. Harbolt, Administrator of the Estate of Edith Rogers, deceased, and Francis H.

Rogers, the surviving husband of Edith Rogers, are plaintiffs in a wrongful death action which was filed in this court on the 1st day of March, 1960, against the Petros. Francis H. Rogers and John L. Harbolt, Administrator, have been joined as defendants in this declaratory judgment action so as to enable the plaintiff to obtain complete relief in one action with respect to the plaintiff's liability under the insurance policy.

Presently before the court are the motions to quash return of the summons or to dismiss the action as against the defendants, Francis H. Rogers and the Administrator. The motions are based upon the ground that venue is not proper in this district and that Harbolt as Administrator, and Rogers are citizens and residents of the State of Kentucky and are not subject to service of process in this court. Such defendants contend that venue is improper in that neither all defendants nor plaintiff is a resident of Indiana. By its findings of fact entered as of this date, the court has found that Francis H. Rogers and John L. Harbolt, Administrator, were each citizens and residents of the State of Kentucky at the time they were joined as parties defendant to this action. In view of the court's finding, it will not be necessary for the court to rule on the question of whether the plaintiff is a "resident" of Indiana for venue purposes by reason of its doing business in this state. The amended complaint states that the plaintiff is a Pennsylvania corporation with its principal place of business in Pennsylvania. It is noted, however, that plaintiff's amended complaint makes no allegation that it is doing business in Indiana.

As to the matter of the service of process upon the defendant, John L. Harbolt, Administrator, there is no dispute in the record as to his being a resident of the State of Kentucky. Plaintiff contends that Harbolt as administrator was served under the Indiana Non-Resident Motorist's Statute and that this was a proper service.

■ Harbolt as administrator did not operate a motor vehicle on the highways of Indiana; nor is it contended that his decedent was operating the motor vehicle at the time of the accident in which she lost her life. At 61 C.J.S. Motor Vehicles § 504d(2), it is stated that unless otherwise provided, a non-resident's personal representative is not amenable to constructive service under non-resident motorist's statutes. The Indiana statute does not expressly extend service to personal representatives of a non-resident decedent.

■ As to the defendant, Francis H. Rogers, the crucial question is whether he was a citizen and resident of the State of Indiana at the time he was joined as a party defendant in this action and service of process was attempted at 3407 South Harding Street [Rear], Indianapolis, Indiana, on March 21, 1960. As stated previously, the court, after hearing, has found that Rogers was not a resident at such address on this date, but rather that he was a citizen and resident of the State of Kentucky at that time. Of course, the evidence clearly shows that on February 2, 1960, the date of the accident, Rogers' residence was at the 3407 South Harding Street [Rear] address. Thus if this were an action "growing out of any accident or collision" upon a public highway in Indiana within the meaning of § 47–1043 of the Indiana Non-Resident Motorist's Statute, whether the service of process at the South Harding Street address in Indianapolis was good or not would make no difference since the service through the office of Secretary of State of Indiana would have been effective under the statute. The statute is broad enough to cover not only the operation of a motor vehicle by a non-resident, but any resident of this state who may become a non-resident following an accident.

■ It should be borne in mind that this is an action for declaratory judgment arising out of a contract and not in tort. One of the closest cases in point that could be found by the court is the case of Whalen v. Young, 1954, 15 N.J. 321, 104 A.2d 678. That case involved a wrongful death action against a truck

driver and his employer, both of whom were non-residents of New Jersey, who were served pursuant to the non-resident motorist's statute of that state. The driver cross-claimed against his employer, contending that the employer had agreed to provide indemnity insurance for the driver, and praying for judgment against the employer for the amount of any judgment against the driver. Upon motion the court held that the personal jurisdiction of the cross-claim parties was not obtained by non-resident motorist's service since it was a contract action and did not arise from the use of the highways. The court stated, 104 A.2d at page 684:

> "The implied consent to constructive or substituted service of process for an *in personam* judgment is restricted to a *delictum* attending the nonresident's use of the highways as provided in the statute; and a contractual undertaking by nonresidents to indemnify the nonresident user of the highway from the legal consequences of such fault would not render the nonresident indemnitor amenable by constructive service to *in personam* process in a New Jersey suit."

The court said that the limitation to proceedings founded in accidents or collisions on a highway in which the nonresident was involved is grounded on constitutional limitations.

Applying the reasoning in the Whalen case, with which this court agrees, to the facts at hand, the attempted service of process through the office of the Secretary of State of the State of Indiana was ineffective. Applying the same rule as to the defendant Harbolt, Administrator, the service through the office of the Secretary of State likewise was ineffective as to him.

By reason of the foregoing the court concludes that the action as against the defendants, Francis H. Rogers and John L. Harbolt, Administrator of the Estate of Edith Rogers, deceased, should be and the same is hereby ordered Dismissed.