Elizabeth G. HERSCHEL, as surviving spouse of Charles F. Herschel, deceased, and as surviving mother of Wayne Andrew Herschel, deceased, and Bruce E. Kiernan, Appellants,

v.

Mary Elizabeth SMITH, Administratrix of the Estate of Nathaniel Eakins, deceased, Appellee.

No. 20278.

United States Court of Appeals
Ninth Circuit.

April 30, 1966.

Rehearing Denied June 14, 1966.

Philip Robbins, Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for appellants.

James Henderson, Gust, Rosenfeld & Divelbess, Phoenix, Ariz., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and MATHES, District Judge.

JERTBERG, Circuit Judge:

This litigation arose out of a collision occurring on Highway 66 in the State of Arizona, between two motor vehicles whose drivers met instantaneous death. The parties plaintiffs (appellants) are Elizabeth G. Herschel, as surviving spouse of Charles F. Herschel, the driver of one of the vhicles, and as surviving mother of Wayne Andrew Herschel, a passenger in the Herschel car, who also met death in the collision; and Bruce E. Kiernan, another passenger in the Herschel car, who sustained injuries in the collision. All of the above named were citizens and residents of the State of California.

The defendants (appellees) are Mary Elizabeth Smith, as Administratrix of

the Estate of Nathaniel Eakins, deceased, a passenger in the other automobile involved in the collision; and Milton Thurman, Jr., Administrator of the Estate of Mary White Curtis, deceased, who was the driver of the other vehicle. All of the above named were residents and citizens of the State of Ohio. Both of the defendants were appointed to their representative positions by the Probate Court of Hamilton County, Ohio.

The amended complaint alleges that the damages sought by the plaintiffs resulted proximately from the careless and negligent manner in which the deceased Mary White Curtis drove and operated the automobile, which she was driving as the agent of Nathaniel Eakins, deceased. The amount in controversy is in excess of $10,000.00 exclusive of interest and costs. The jurisdiction of the District Court was based on diversity of citizenship.

Copies of the alias summons and amended complaint were served by registered mail upon Mary Elizabeth Smith, as Administratrix of the Estate of Nathaniel Eakins, and upon Milton Thurman, Jr., as Administrator of the Estate of Mary White Curtis. Thereafter, Mary Elizabeth Smith, as Administratrix of the Estate of Nathaniel Eakins, deceased, filed a motion to dismiss on the ground that the District Court did not have jurisdiction over her person. Upon hearing on the motion, the District Court entered an order dismissing the plaintiffs' amended complaint as to Mary Elizabeth Smith, Administratrix for the Estate of Nathaniel Eakins, deceased. Shortly thereafter the District Court entered its Amended Judgment of Dismissal in favor of the defendant, Mary Elizabeth Smith, Administratrix for the Estate of Nathaniel Eakins, deceased, "upon the sole grounds that this court lacks jurisdiction over the said defendant for the reason that no valid service of the summons and complaint upon the said defendant has been effected." In the same order the District Court found, in accordance with Rule 54(b), Federal Rules of Civil Procedure, that there was no just cause for delay in rendering final judgment.

The record discloses that the plaintiffs attempted to effect service of process upon the Administratrix-defendant pursuant to the provisions set out in Rule 4(e), Federal Rules of Civil Procedure, and Rule 4(e) (2), Arizona Rules of Civil Procedure, 16 A.R.S.

Rule 4(e), Federal Rules of Civil Procedure, in substance provides that whenever a statute of the United States or the order of a court thereunder provides for service of summons upon a party not an inhabitant of, or found within, the state in which the District Court is held, service may be made in the manner prescribed by the statute or order. Whenever a statute or rule of the court of the State in which the District Court is held provides for service of summons upon a party not an inhabitant of or found within the State, service may be made under the circumstances and in the manner prescribed in the statute or rule.

Rule 4(e) (2) of the Rules of Civil Procedure of the State of Arizona, in parts pertinent to this case, provides:

"When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation * * * *which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose,* service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. * * *." (Italics ours.)

The section further provides that when the whereabouts of the defendant outside the state is known, service on such defendant may be made by registered mail, with return receipt requested, and the filing in court by the serving party of an affidavit showing full compliance with the provisions of the Rule. The Rule states that the affidavit shall be prima facie evidence of personal service of the summons and complaint, and service shall be deemed complete, and that

the time for appearance shall begin to run thirty days after the filing of the affidavit and receipt. This rule was amended July 13, 1961, effective on or after midnight October 31, 1961.

Defendant-administratrix received, in the State of Ohio, copy of the summons and complaint by registered mail and plaintiffs complied with the procedural steps set forth in Rule 4(e) (2) of the Rules of Civil Procedure for the State of Arizona.

The sole question on this appeal is whether utilization of Rule 4(e) (2) of the Arizona Rules of Civil Procedure provides a valid means of service to confer jurisdiction upon the United States District Court of Arizona over a non-resident personal representative of a decedent who caused an event to occur in the State of Arizona out of which the claim which is the subject of the complaint arose.

Before addressing ourselves to the specific question before us, we should mention a contention of the appellee that Arizona Revised Statutes 28–502 and 28–503 provide the exclusive means of service of summons upon non-resident motor vehicle operator defendants. The statute provides a means for out-of-state service of process upon non-resident motor vehicle operators and owners whose vehicles are used on Arizona highways. These statutes make the use of such vehicles upon said highways an automatic appointment of the Superintendent of Motor Vehicles as the operator and owner's attorney for service of process. No provision is made thereon to require such appointment be irrevocable or to be equally binding upon the personal representative of such non-resident operator or owner. Since these statutes were not utilized by the plaintiffs in attempting to make service of process, we need only to determine whether valid service was effected upon the non-resident defendant-administratrix by the method and in the manner set forth in Rule 4(e) (2), Rules of Civil Procedure of the State of Arizona. We pause, however, to state that it has been held under

similar statutes in other states that the appointment of a state officer as the owner or operator's attorney for service of process terminates with the death of the operator or owner, and such statutes do not apply to personal representatives of such decedents. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Petro, 189 F.Supp. 651 (S.D.Ind.1960); Fazio v. American Auto Ins. Co., 136 F.Supp. 184 (W.D.La.1955); Brown v. Hughes, 136 F.Supp. 55 (M.D.Pa.1955); Hendrix v. Jenkins, 120 F.Supp. 879 (M.D.Ga.1954).

In Parrott v. Whisler, 313 F.2d 245 (6th Cir. 1963), an opposite result was reached where the statute specifically provided that the operator of a motor vehicle in the State of Kentucky automatically makes the Secretary of State "the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator or owner, or the personal representative of the operator or owner, arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved."

In Hasse v. American Photograph Corporation, 299 F.2d 666 (10th Cir. 1962), the court held that an amendment to the Oklahoma long-arm statute allowing service of process upon the personal representative of a non-resident motorist dying prior to or after commencement of suit was not strictly procedural and could not have retroactive application to permit service upon representative of non-resident motorist who died in collision before its enactment.

We now return to the question whether valid service of process upon the non-resident administratrix-defendant was effective through utilization by plaintiffs of Rule 4(e) (2) of the Arizona Rules of Civil Procedure. So far as we can determine, or have been advised by counsel for the parties, the Supreme Court of Arizona has had no occasion to pass upon the question in the context presented to us.

In Heat Pump Equipment Co. v. Glen Alden Corp., et al., 93 Ariz. 361, 380 P.2d 1016 (1963) the court had occasion to consider the scope of Rule 4(e) (2) of the Rules of Civil Procedure of the State of Arizona, as amended, in the form set forth earlier in this opinion. In that case the defendants were foreign corporations and had no agents in the State of Arizona qualified to accept service of process. Plaintiff-appellant made service on one of the corporate appellees by registered mail under Rule 4(e) (2) (a) as amended, and on the other corporate appellee by direct service out-of-state under Rule 4(e) (2) (b), as amended. The trial court dismissed the action as to the two appellees for lack of jurisdiction. It was conceded that the service on appellees did not comply with Rule 4(e) prior to its amendment in 1961.

Prior to the amendment Rule 4(e) (1) provided, in relevant part:

"When a party to the action * * files an affidavit in the action that the defendant * * * is a corporation incorporated under the laws of any other state or foreign country and is doing business in this state, or has property herein, but has no legally appointed and constituted agent in this state * * * service shall be made by publication * * *."

It had been held that personal service could be made on a foreign corporation having no legally appointed and constituted agent in the state only by publication. D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243 (1947). The Supreme Court held that Rule 4(e) (2) as amended, related to procedural matters and was a valid exercise of the rule-making power of the court. The judgment of dismissal entered by the trial court was reversed.

It is to be noted that Rule 4(e) (2), as amended, in relevant part provides:

"When the defendant is * * * a corporation doing business in this state, or is a * * * corporation * * * which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service [of summons] may be made * * * by registered mail or by direct service out of state."

Since the corporate appellees in Hasse v. American Photograph Corporation, supra, were doing business in the State of Arizona, or caused an event to occur in that state out of which the claim which is the subject of the complaint arose, we recognize in that case that Rule 4(e) (2) as amended was a valid exercise of the rule-making power of that court. The holding of the Supreme Court of Arizona is consistent with the rationale expressed in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

The holding in Hasse, however, cannot be extended to justify a holding that valid service of process was effected on the administratrix-defendant in the instant case, either because of expediency or a liberal interpretation of Rule 4(e) (2) as amended. As relevant to this case, Rule 4(e) (2) provides that when a person who has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made by registered mail when the whereabouts of a defendant outside of the state is known. It is not, and cannot be, claimed that the administratrix-defendant did any business in the State of Arizona or caused any event to occur in that state out of which the claim which is the subject of the complaint arose. The person who caused the event to occur in the State of Arizona out of which the claim which is the subject of the complaint arose was the decedent, Nathaniel Eakins, or his agent, Mary White Curtis, also deceased.

It is to be noted that Rule 4(e) (2), as amended, does not, in its terms, provide for service of process upon the personal representative of a non-resident decedent who has caused an event to occur in Arizona out of which the claim which is the subject of the complaint arose.

Appellants earnestly urge that since the draftman's notes under Rule 4(e) (2), as amended, state that Arizona's extra-territorial jurisdiction is limited only by the United States Constitution, and since the Supreme Court of Arizona has adopted a liberal construction of Rule 4(e) (2), as amended, we· should construe Rule 4(e) (2), as amended, to authorize service of process upon a non-resident personal representative of a non-resident decedent who caused an event to occur in Arizona out of which the claim which is the subject of the complaint arose. To do so would not be to construe the Rule, but to amend it, which is beyond our power.

In further support of their position appellants cite International Shoe Co. v. State of Washington, supra, and McGee v. International Life Insurance Co., supra, as noting a trend of expanding personal jurisdiction over non-residents through more liberal construction of the Fourteenth Amendment, in the respect under review. Such expansion, however, is not without limits. As stated in Hanson v. Denckla (1938), 357 U.S. 235 at pp. 250–251, 78 S.Ct. 1228 at p. 1238, 2 L.Ed.2d 1283:

> "As technological progress has increased the flow of commerce between States, the need for jurisdiction over nonresidents has undergone a similar increase. At the same time, progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome. In response to these changes, the requirements for personal jurisdiction over nonresidents have evolved from the rigid rule of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, to the flexible standard of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him. See International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95."

We believe that if the Supreme Court of Arizona were called upon to review the question presented to us on this appeal, that court would reach the same result as we have reached in this opinion. We are reinforced in that expression by the fact that the District Judge in the instant case, long familiar with the law of the State of Arizona, held that "this court lacks jurisdiction over the person of said [administratrix] defendant for the reason that no valid service of the summons and complaint upon said defendant has been effected."

The judgment appealed from is affirmed.