**Julia PALMER d/b/a Palmer's Dairy**

v.

**L. E. LEACH CO., INC. and Alice Melahn, Executrix of the Estate of Elmer M. Melahn.**

**Civ. A. No. 6780.**

United States District Court, D. Vermont.

Oct. 5, 1973.

Frank Mahady and David G. Burwell, White River Junction, Vt., for plaintiff.

Philip Kolvoord and Peter Doremus, Kolvoord, Overton & Wilson, Essex Junction, Vt., for defendant L. E. Leach Co., Inc.

Peter Banse, Bishop & Crowley, Rutland, Vt., for defendant Alice Melahn, executrix of the estate of Elmer M. Melahn.

## OPINION AND ORDER

COFFRIN, District Judge.

On November 15, 1972 plaintiff, a Vermont citizen doing business as Palmer's Dairy, commenced this action against L. E. Leach Co., Inc., a Massachusetts entity, claiming breach of contract, breach of warranty and negligence in the sale to plaintiff of certain milk machinery.

On February 6, 1973 plaintiff moved to join Alice Melahn, the executrix of the Estate of Elmer Melahn who is alleged to have manufactured the dairy equipment sold to plaintiff. Upon consideration of the plaintiff's motion and the defendant's consent thereto, the motion was granted on March 23, 1973. Plaintiff's initial effort at valid service was quashed upon defendant's motion on May 29, 1973. Plaintiff renewed her attempt to join Alice Melahn on July 7, 1973, and Mrs. Melahn again countered with a motion to dismiss. From the pleadings and affidavits filed in this matter, it appears that Alice Melahn is a citizen of the State of Illinois and was appointed the executrix of Elmer Melahn's estate pursuant to the laws of that state. Mrs. Melahn has no personal contacts with the State of Vermont and no assets of the estate are located in Vermont. At the hearing held on this matter on September 27, 1973 counsel for Alice Melahn acknowledged that service upon her was proper and conceded that if this action were commenced against Elmer Melahn sufficient contacts with the State of Vermont would appear so that the exercise of jurisdiction over him as an individual would be proper. Thus, the issue squarely before us in whether Alice Melahn, as a foreign executrix, has the capacity to be sued in Vermont upon a claim against the estate of her decedent.

Rule 17(b) Fed.R.Civ.P. provides that the capacity to be sued of a person acting in a representative capacity shall be determined by the law of the State in which the District Court is held. *See* Tolson v. Hodge, 411 F.2d 123, 125 (4th Cir. 1969); Hurlburt v. Eno, 17 F.R.D. 230, 231 (D.Vt.1955).

A review of the laws of the State of Vermont is not instructive as to the capacity of Mrs. Melahn to be sued in this case. However, the overwhelming weight of authority is that the personal representative of a decedent cannot be sued in his representative capacity in an action at law in a state other than that of his appointment. 31 Am.Jur.2d Executors and Administrators § 778.

In Buttson v. Arnold, 4 F.R.D. 492, 493 (E.D.Pa.1945) the court, applying Pennsylvania law, held that a foreign administrator did not have capacity to be sued outside the state of his appointment unless he was personally served in the state of the forum or entered a voluntary appearance. *See also* Gurley v. Lindsley, 459 F.2d 268 (5th Cir. 1972) (applying Texas law); Callwood v. Virgin Islands Nat. Bank, 221 F.2d 770 (3d Cir. 1955); Sylvania Indus. Corp. v. Lilienfeld's Estate, 132 F.2d 887, 891 (4th Cir. 1943) (applying Virginia law); Beck v. Lund's Fisheries, Inc., 53 Del. 45, 164 A.2d 583 (1960).

■ Plaintiff has contended that 11 V.S.A. § 1630 (1973) provides state statutory authority for the joinder sought in this case. However, section 1630 deals only with nonresidents doing business in their individual capacity within the State of Vermont and is not concerned with the attribution of capacity to be sued to the administrators of nonresidents' estates.

■ The rationale for denying foreign administrators the capacity to be sued is the public policy of not interfering with the administration of assets in a foreign state and of preventing local assets from being taken out of the state to the detriment of local creditors who might thus be compelled to go to a foreign state to obtain satisfaction of their claims. Callwood v. Virgin Islands Nat. Bank, *supra*, at 778 of 221 F.2d; Currie, The Multiple Personality of the Dead: Executors, Administrators and the Conflict of Laws, 33 U.Chi.L.Rev. 429, 453 (1966).

■ We perceive no indication that, given an opportunity to do so, the courts of the State of Vermont would not apply the generally recognized rule elicited above and therefore we adopt that doctrine as the better reasoned approach to this issue and hold that Alice Melahn has no capacity to be sued in this District.

Wherefore, the motion to dismiss is granted and this action against Alice Melahn is hereby dismissed.