K L CATTLE COMPANY, Plaintiff,

v.

Frank BUNKER and Irene Bunker, As Personal Representative of the Estate of Frank Bunker, Defendants.

Civ. A. No. L–80–2.

United States District Court,
S. D. Texas,
Laredo Division.

June 24, 1980.

George A. Kampmann, Walter W. Church, San Antonio, Tex., for plaintiff.

Burrell D. Johnston, Austin, Tex., Nicholas W. Goluba, Jr., David A. Goluba, Glenwood Springs, Colo., for defendants.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

This is a diversity action based upon a theory of breach of contract. The original complaint in the above-entitled action, naming Frank Bunker as the sole defendant, was filed in Texas state court on approximately September 25, 1979. A copy of the complaint was served on the Secretary of State for the State of Texas on or about October 10, 1979, and this copy was subsequently forwarded by certified mail to Frank Bunker. Unfortunately, Mr. Bunker died on October 11, 1979, in Colorado. Some time later, his widow, Defendant Irene Bunker, was appointed personal representative of his estate. Plaintiff eventually joined Defendant Irene Bunker in an amended petition in state court. This action was subsequently removed to the United States District Court for the Southern District of Texas. This Court, in an earlier Order, held that the original service on Frank Bunker was invalid under Texas law and that the Plaintiff's earlier attempt to serve Mrs. Bunker, as her husband's personal representative, was likewise ineffectual. The Plaintiff was ordered to re-serve Mrs. Bunker. Service having been effectuated, Defendant Irene Bunker now moves to dismiss this action on the ground that as a foreign executrix she can only be sued in her home state of Colorado. Apparently, no ancillary administration is pending in Texas.

▇▇▇ Rule 17(b) of the Federal Rules of Civil Procedure provides that "[t]he capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile." Fed.R.Civ.P. 17(b). The capacity to be sued of one acting in a representative capacity is determined by the law of the forum state. *Gurley v. Lindsley*, 459 F.2d 268, 279 (5th Cir.), *mandate withdrawn on other grounds*, 466 F.2d 498 (5th Cir. 1972) (per curiam). Defendant Irene Bunker is clearly being sued in her representative ca-

pacity. Indeed, Frank Bunker can no longer be a party to this lawsuit. *See generally* Tex.R.Civ.P. 152.[1] While the Texas Rules of Civil Procedure would allow a domestic personal representative to be sued in the Texas courts once a lawsuit is commenced, the same cannot be said about a foreign personal representative like Mrs. Bunker. The overwhelming weight of authority in Texas, as well as throughout the United States, is that a foreign executor is only suable in the state of his appointment with regard to actions at law. *See Palmer v. L. E. Leach Co.*, 60 F.R.D. 602, 604 (D. Vt. 1973); *Faulkner v. Reed*, 241 S.W. 1002, 1007–08 (Tex.Com.App. 1922, opinion adopted); *Eikel v. Bristow Corp.*, 529 S.W. 2d 795, 801 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Baber v. Houston National Exchange Bank*, 218 S.W. 156, 160 (Tex.Civ.App.—Galveston 1919, writ ref'd); *see generally* 18 Tex.Jur.2d *Decedent's Estates* § 315 (1960); Kazen, *Actions By and Against Personal Representatives*, Texas Estate Administration § 9.10 (1975 & 1978 Supp.). The policy underlying the distinction between domestic and foreign personal representatives is that

> one state should not have extraterritorial jurisdiction over assets of a deceased person; otherwise these assets might be exhausted or withdrawn to the detriment of domestic creditors, who have the right to have them administered under the laws of their own state, and whose jurisdiction they are naturally subjected.

*Eikel v. Bristow Corp.*, 529 S.W.2d at 800; *see Palmer v. L. E. Leach Co.*, 60 F.R.D. at 604. The present case involves a breach of contract. A suit based upon a breach of contract would be an action at law. Thus, unless the Texas long-arm statute provides a means of haling Mrs. Bunker before a local tribunal, personal jurisdiction will be lacking.

▮▮▮ The Texas long-arm statute provides that any non-resident who does business in this State but does not maintain a regular place of business in this State or a designated agent upon whom service may be made for causes of action arising out of said business done in this State, is conclusively deemed to consent to the appointment of the Texas Secretary of State as his agent for service of process for suits arising out of business done in Texas. Tex.Rev. Civ.Stat.Ann. art. 2031b, § 3 (Vernon 1964) (amended 1979). Another section of the same statute provides that a person shall be deemed doing business "by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State. . . ." *Id.* § 4. If Frank Bunker were still alive, jurisdiction over him probably would have been proper under Texas law. The question arises as to whether one can impute this jurisdictional basis to the representative of his estate. Where the state long-arm statute provides for service on a non-resident executor or administrator, jurisdiction has generally been upheld. *See generally* Annot., 19 A.L.R.3d 171, 172–73 (1968). However, where service on a non-resident executor or administrator is not specifically provided for in the long-arm statute, courts have held that the assertion of jurisdiction over a non-resident personal representative is improper. *Herschel v. Smith*, 361 F.2d 355, 359 (9th Cir. 1966); *Palmer v. L. E. Leach Co.*, 60 F.R.D. at 604; *see generally* Annot., 19 A.L.R.3d at 175–76. The Texas long-arm statute falls into the latter category. The fact that the Texas long-arm statute has been interpreted to reach as far as the due process clause will allow, *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex.1977); *see generally Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 491–92 (5th Cir. 1974); *Eyerly Aircraft Co. v. Killian*, 414 F.2d 591, 599 (5th Cir. 1969); *Castanho v. Jackson Marine, Inc.*, 484 F.Supp. 201, 204 (E.D. Tex. 1980), is immaterial. As was stated by the Ninth Circuit in interpreting the Arizona long-arm statute,

---

1. The Texas Rules of Civil Procedure are not binding on a federal court. *Hanna v. Plumer*, 380 U.S. 460, 469–70, 85 S.Ct. 1136, 1142–43, 14 L.Ed.2d 89 (1965). Nonetheless, since the capacity of a personal representative to be sued is specifically referenced to the law of the forum, *see supra*, the Texas procedural rules cannot be totally ignored.

Appellants earnestly urge that since the draftsman's notes under Rule 4(e)(2), as amended, state that Arizona's extra-territorial jurisdiction is limited only by the United States Constitution, and since the Supreme Court of Arizona has adopted a liberal construction of Rule 4(e)(2), as amended, we should construe Rule 4(e)(2), as amended, to authorize service of process upon a non-resident personal representative of a non-resident decedent who caused an event to occur in Arizona out of which the claim which is the subject of the complaint arose. To do so would not be to construe the Rule, but to amend it, which is beyond our power.

*Herschel v. Smith,* 361 F.2d at 359. This Court, therefore, concludes that it lacks personal jurisdiction over Defendant Irene Bunker. This conclusion is bolstered by the fact that the Texas Legislature has shown that it knows how to draft a statute which subjects a foreign executor to suit in this State. For example, Article 2039a of the Texas statutes provides that any person who uses the highways of the State of Texas shall be deemed to have appointed the Chairman of the State Highway Commission as his lawful attorney and agent upon whom may be served all lawful process in any civil action against such person using the highways and growing out of any accident or collision on a highway of this State, and that it shall further constitute the Chairman of the State Highway Commission as such agent not only for the driver but also for his legal representative or the executor or administrator of his estate. Tex.Rev.Civ.Stat.Ann. art. 2039a, § 1 (Vernon 1964). Thus, in the absence of specific legislative guidance to the contrary, this Court refuses to rewrite the Texas long-arm statute so as to abrogate the long-standing common law rule that a foreign executor is only suable in the state of his appointment with regard to actions at law. Accordingly, it is ORDERED that the Defendant's Motion to Dismiss this action for lack of personal jurisdiction is hereby GRANTED.

The Clerk shall send a copy of this Order to all parties as well as to the Honorable Olin Hatfield Chilson, United States District Judge for the District of Colorado, by United States Certified Mail, Return Receipt Requested.